Parker, J.,
said that, not having been present when the cause was argued, he had some hesitation about giving an opinion, but that, having read the papers in tire case with attention, and conferred with his brethren, and having seen the opinion which the chief justice was now about to deliver, he concurred entirely in that opinion. His honor added, that he thought the case of Bree vs. Holbech strongly in point, and that the reasoning of Lord Mansfield applied very closely to this cause.
Sedgwick, J.,
said that, since the argument in this case, he had paid attention to it, and had prepared himself to [ * 205 ] * deliver an opinion ; but he had, perhaps unfortunately, left his note of the case at his home. He did not, however, on this account, wish the judgment of the Court should be delayed; for his own opinion was too firmly fixed to be shaken by any further argument or consideration. His honor then stated the substance of the declaration and pleadings, and proceeded as follows:—
The question referred to the Court by this record is, whether the demand of the plaintiffs, which appears to be most just and equitable, is barred by the statute of limitations.
He said he should have been unhappy to have found that the defendants could have availed themselves of the defence which they had set up. He was, upon investigation, satisfied that this was not the case. There was no where any thing to be found, which gave the least countenance to it. On the contrary, the case of Bree vs. Holbech strongly implies that the principle, on which the plaintiffs in this case rely, is correct. Hp said he remembered to have found a case in P. Williams, which he thought directly in point (5). And he was persuaded that he had found another case to the same pur pose ; but he did not remember either the reporter, or the name of the case. In his opinion nothing short of very stubborn authorities, on the part of the defendants, could justify a judgment in their favor, and none at all are shown.
On principle there can be but one opinion. In this the moral sense of all mankind must concur. The defendants undertook to *177 perform a piece of business for the plaintiffs, and were paid for it. In the performance of their contract they acted fraudulently and .deceitfully, to the detriment of the plaintiffs. Upon the discovery of the fraud, and within the time limited for bringing this species of action, the plaintiffs demand redress of the wrong which they have received. By the pleadings, all this is acknowledged by the defendants; but they say the plaintiffs cannot recover, because more than six years have intervened since they received the plaintiffs’ money, and since they completed the road in the manner in which they made it. Is this an answer which ought to be * deemed satisfactory in a court of justice? I think not. [ * 206 ] If it should, every man would be screened from making satisfaction for injuries resulting from the fraudulent execution of his contracts, if his fraud was attended with such circumstances of artful concealment, as to elude detection until after a lapse of more than six years.
No one can doubt the plaintiffs’ right to recover against the defendants for the injury they had sustained; and the only question is, whether they can recover in this form of action, or must be compelled to resort to their special action of the case, for the fraud The one action is, as much as the other, within the statute of limitations. If the plaintiffs had commenced an action expressly for the fraud, it could not have been maintained, unless the dis covery of the fraud was within six years before the commencemen of the action. In this case the evidence must be the same. In both it is saying only that the defendants shall not take advantage of their own wrong to injure the plaintiffs. In this case, by proving the fraud, it is proved, in fact, that the defendants did not perform their contract. And the action is brought within the time by law allowed for that purpose, computing from the moment when the plaintiffs knew that they were entitled to it; and the only reason why it was not earlier known, was the fraudulent conduct of the defendants, of which they ought not to be permitted to avail themselves.
Parsons, C. J.
To support these replications, it must be competent for the plaintiffs to avoid the statute of limitations by replying fraud in the defendants; and the replications must disclose a fraudulent transaction in the defendants, by which the time, when the cause of action accrued, must have been fraudulently concealed from the knowledge of the plaintiffs, until a period within six yeais before the action was commenced. The statute of limitations is a beneficial statute, when applied according to its true principles. It was made to prevent the delay of bringing suits so long that the defendant might have lost the evidence necessary for his defence *178 His witnesses may be dead, or absent, or their memories may fail, or his vouchers may be lost or mislaid. It was not the [ * 207 ] design of the statute to deprive a man of his * just right, because of his indulgence in delaying to support that right by a suit at law. If, therefore, in an action of assumpsit, the defendant has acknowledged within six years, directly or indi rectiy, that the plaintiffs’ demand is just, this acknowledgment shall take the action out of the statute, upon the construction of law that such acknowledgment is evidence of a promise made within six years.
Neither can the statute be considered as intending to protect any man in the quiet enjoyment of the fruits of a fraudulent execution of a contract, if the action be commenced within six years after the discovery of the fraud. The delay of bringing the suit is owing to the fraud of the defendant, and the cause of action against hire ought not to be considered as having accrued, until the plaintiff could obtain the knowledge that he had a cause of action. If this knowledge is fraudulently concealed from him by the defendant, we should violate a sound rulé of law, if we permitted the defendant to avail himself of his own fraud. In chancery, where the statute of limitations is pleadable, as well as at law, it is a rule that the statute is no plea to a bill charging a fraud, if the bill be filed within six years after the discovery of the fraud. (3 P. Will. 143.) We are therefore satisfied that the plaintiff may reply fraud to a plea of the statute of limitations, and avoid the plea. The principle is admitted in the case of Bree vs. Holbech.
The next question is, whether the plaintiffs’ replications (for they are substantially the same) disclose a fraud in the defendants, sufficient to avoid their pleas of the statute of limitations. It appears that the defendants contracted with the plaintiffs to make for them, within a limited time, a turnpike road between the termini stated in the contract; that the road was to be made on a firm foundation ; that suitable materials were to be used ; that the work was to be faithfully executed; that the defendants proceeded to make the road, but that they made it on a bad foundation, used unsuitable materials, and unfaithfully executed the work; and that they fraudulently and deceitfully concealed the bad foundation, the unsuitable materials, and the work unfaithfully executed, | * 208 J by covering the same with earth, and smoothing * the surface, so that it appeared to the plaintiffs, and to theit directors, that the contract had been faithfully executed. From the view of the allegations in the replications, which, if well pleaded the demurrers confess to be true, it is certain that the contract was of such a nature as to admit a fraudulent and deceitful execution, *179 and that the fraud was in fact concealed from the knowledge of the plaintiffs.
I am therefore satisfied, although the plaintiffs’ cause of action mentioned in the first count literally accrued at the time when the contract was to have been executed, and the one mentioned in the second count accrued from the payment of the money mentioned in their second replication, yet that these causes of action were fraudulently concealed by the defendants themselves, from the knowledge of the plaintiffs, until long after, and that the plaintiffs brought their action within six years after the fraud was discovered. The necessary inference is, that the fraud of the defendants, disclosed in the replications of the plaintiffs, is sufficient in law to avoid the statute of limitations pleaded in the defendants’ bars, and that the plaintiffs’ replications are good (6).

Replications adjudged good.

 Probably alluding to the case of The South Sea Company vs. Wymondsell, cited by the plaintiffs’ counsel

 [Clarke vs. Hougham, 3 Dowl. & Ry. 328.—2 B. & Cr. 149.—Homer vs. Fish, 1 Pick. 435.—Ed.]