Parker C. J.
delivered the opinion of the Court. In relation to the point which grows out of the plea of the statute of limitations it is sufficient to observe, that it has been distinctly settled in the case of Homer v. Fish et al., 1 Pick. 435. The authorities cited in support of the opinion given by the Court are equally applicable to this case.[1]
*76 In regard to the deposition of Betsy Knox, there is an insuperable difficulty. It was not taken for this action, and a deposition taken in'perpetuara can be used only by those at whose request it was taken, or some one claiming title to the subject matter to which it relates under such persons. The words in the statute, that a deposition taken according to the form prescribed may be used in certain contingencies in any cause to which it may relate, must be restricted to the sense intended by the legislature which used them. "We think it could not be intended, that a deposition thus taken at the special request of one person, might be resorted to by any stranger as evidence of his interest in property, which interest may have accrued in a manner wholly independent of the party who caused it to be taken ; for though it may seem to be no prejudice to the party whose interests are to be affected by it, if he had notice, or was beyond the distance which makes' notice necessary,[1] yet it may be important to him to know at whose instance, or on whose account he is summoned to hear testimony, as with one person he may intend to have no controversy, though in regard to another he may intend to resist a claim. So he may think he has a complete defence against one, whatever may be his evidence, and may not be so well prepared against another.
The cases which have arisen on the subject'of this suit will illustrate the different degree of interest which a defendant may have in being present at the examination of witnesses. In the case of Homer the defendants, on receiving notice to attend the taking of a deposition, upon application to their counsel may have learned that they were in no jeopardy, because the subject matter of the contemplated suit might have been determined on a former suit between the parties, and that Homer would not be *77 allowed to sustain an action upon facts which he might have shown in defence of the action against him by the defendants; whereas in the case of Touro they have no such defence to set up, and therefore it might be of the greatest importance that they should cross-examine the witness whose deposition was proposed to be taken. And the circumstance that the present suit arises out of the same contract which gave Homer his cause of action is not material, for the rights of Homer and Touro were several and independent, as though they had subscribed separate policies, and it is for this reason that the defendants cannot now defend themselves on the ground that an action had been tried, in which the merits of the question might have been decided.
We think for these reasons that the deposition of Betsy Knox should not have been admitted in this action, and that this construction of our statute respecting depositions in perpetuara should be recognised.
This statute provision undoubtedly was intended as a substitute for the bill in chancery to perpetuate evidence, as prac-tised in England, which was expensive and dilatory ; but the rules applicable to evidence thus taken were founded in a wise regard to the security of those whose interests might be affected by testimony taken out of the course of the trial, when the opportunity to sift and examine the evidence might be imperfect. This caution is not less necessary with us under the statute, as much less security exists here than in the course adopted by the courts of chancery. 1 Madd. Chan. Pr. 185.
In Phillipps on Evidence, 267, it is stated, that depositions in a suit in chancery may be given in evidence in an action at law on the same matter between the same parties, or between any who claim under them ; and (p. 268) depositions are not to be admitted in evidence for a party to a suit against a stranger who was not a party, nor can they be used by a stranger who was not a party against either of the parties.[1] And in 1 Gilbert (Lofft’s ed.) 36, it is said, that if A prefer a bill against B, and B exhibit his bill against A and C, C cannot give in evidence the depositions in a cause between A and B. Bull. N. P. 232, 233. In p. 239, Buller says, “ a deposition can *78 not be given in evidence against any person that was not party to the suit; and the reason is, because he had not liberty to cross-examine the witness; and it is against natural justice that a man should be concluded by proofs in a cause to w'hich he was not a party. Eor this reason depositions in chancery shall not be read for or against the parly defendant upon an information or indictment, for the king was no party to the suit.” The rule, he says, admits of some exceptions, as in cases of customs and tolls and in cases where hearsay and reputation are evidence ; or where the deposition is used to contradict what the same witness swears at a trial. And in p. 240 ; ££ a man shall not regularly take advantage of a deposition who was not a party to the suit, for, as he cannot be prejudiced by the deposition, he shall never receive any advantage from it.”
It seems that in England depositions are to be governed by the same rules as verdicts, in respect to their admission as evidence, that is, none but parties and privies can make use of them. See Lock v. Norbonne, 3 Mod. 141 ; Rushworth v. Countess of Pembroke et al., Hardr. 472. This latter case is very strong. Currier had presented a bill in the Exchequer against the plaintiffs and others, tenants of a manor of the countess of Pembroke, for suit to his mill, which he claimed by prescription. Many witnesses were examined on both sides, and now upon this bill against the same Currier and the countess she wished to use the depositions taken for the former suit and was refused, because she was not a party to the former suit, and as she was not bound by the depositions, neither should she have advantage of them. This case in Hardr. is cited by Comyns, Dig. Testm. Ev. C, 4, and by Peake, Law of Evidence, (3d ed.) 64. Comyns says, a deposition cannot be used against him who is no party to the suit, nor claims under one, nor for a stranger against a party.
The words of our statute which provides for the taking and the use of depositions in perpetuam are undoubtedly very broad and general. A deposition taken pursuant to the statute ££ may be used as evidence in any cause to which it may relate.” But the very extensiveness of this provision proves that a limitation according to pre-existing rules was intended. Surely it was not meant that any stranger might use a deposition thus taken, against *79 any other stranger, if some facts in the deposition should happen to affect a cause between these two; and yet that would be within the words of the statute. The meaning must have been, that it shall be used by any party having a right by the rules of law to use it, in any cause, to the subject matter of which it has relation. And if it is not to be so restricted, there would seem to be no necessity or use in requiring the justices who shall take the deposition, to certify the names of all persons whom they notified of the taking thereof. No other person would be bound, unless he lived beyond the distance which requires notice, and no other person, we think, could use the deposition, unless it appeared that it was taken at his request, or at the request of those under whom he claims. There is another provision in the statute which carries a strong implication that the legislature did not intend that all persons might make use of a deposition so taken. If it relates to land, it is to be recorded in the county where the land lies ; if it respects personal estate, it is to be recorded in the county where the person lives for whose use it is taken.[1] This seems to limit the use of the deposition to the person who appears by the certificate to have caused it to be taken, and none other, except by the rules of law those who claim under such person. A caption that did not state at whose request the deposition was taken would be imperfect, and the deposition could not be used.[2] This would seem to be a superfluous provision, if any person might use it. Upon the whole we are of opinion that the deposition of Betsy Knox was improperly admitted, and for that cause only there must be a new trial.

 See also First Mass. Turnp. Corp. v. Field, 3 Mass. R. 201; Bishop v. Little, 3 Greenl. 405; Morton v. Chandler, 8 Greenl. 9; Cole v. McGlathry, 9 Greenl. 131; Payne v. Hathaway, 3 Vermont R. 212; Sherwood v. Sutton, 5 Mason, 143; Mussi v. Lorain, 2 P. A. Brown’s (Penn.) R. 59; Jones v. Conoway, 4 Yeates, 109; Pennock v. Freeman, 1 Watts, 401; Bertine v. Varian, 1 Edward’s Ch. R. 342; Hunter v. Spotswood, 1 Wash. 146; Harrell v. Kelly, 2 M'Cord, 426; Croft v. Arthur, 3 Desaus. 223; Cowper v. Godmond, 9 Bingh. 748; Clark v. Hougham, 2 Barn. & Cressw. 149; Brown v. Howard, 4 B. Moore, 508; Granger v. George, 7 Dowl. & Ryl. 729; S. C. 5 Barn. & Cressw. 149; Howell v. Young, 5 Barn. & Cressw. 259; Ex parte Bolton, 1 Mont. & Ayrton, 60. But see Troup v. Smith, 20 Johns. R. 33; Oothout v. Thompson, 20 Johns. R. 277; Hamilton v. Sheppard, 2 Murphey, 115; Thompson v. Blair, 2 Murphey, 583; Sweat v. Arrington, 2 Haywood, 129; Croft v. Townsend, 3 Desaus. 239; Wamburzee v. Kennedy, 4 Desaus. 474; *76 Callis v. Waddey, 2 Munf. 511; Shelby v. Shelby, Cooke’s (Tenn.) R. 183; Whalley v. Whalley, 3 Bligh, 2; 1 Chitty’s Gen. Pract. 766.
The operation of the statute of limitations is, however, unaffected by fraud, if the .party upon whom the fraud is practised had full means of detecting it. Farnam v. Brooks, 9 Pick. 212; Cole v. McGlathry, 9 Greenl. 131.

 The want of notice is held to be no valid objection to a deposition taken in perpetuam rei memoriam, under the province statute 7 Will. 3, c. 35, § 3; Goodwin v. Mussey, 4 Greenl. 88. And such deposition may he used when the deponent is sick and unable to attend court. Ibid.

 12 Vin. Abr. 109, pl. 24; 1 Stark. Ev. 265; Bondereau v. Montgomery, 4 Wash. C. C. R. 186.

 But now a deposition in perpetuam, if it relate to personal estate, is to Re recorded in the county where the parties, or some of them, reside. Revised Stat. c. 94, § 37.

 Revised Stat. c. 94, § 23, 35.