Curia, per

Wakdlaw, J.
Is the allegation of fraud in the conversion, fraudulently concealed by the defendant, and undiscovered by the plaintiff, until a time within four years before the commencement of the suit, a good replica-, tion to a plea of the statute of limitations % Our statute of limitations (2 Stat. 585,) requires an action of trover to be commenced “ within four years next after the cause of such, action, and not afterand it contains provisoes in favor of-infants, femes-covert, and persons beyond seas, imprisoned, or of unsound mind. To these express exceptions of the statute the court could not, without arrogating to itself a most dangerous power, add another exception in favor of those who, by the fraud of the party against whom the cause of action lies, have been kept from a knowledge of their rights. The plaintiff not being within any of the enumerated exceptions, the effect of the statute upon his case, is ascertained by determining when his cause of action arose. From that moment the statute began to run, and no subsequent fraud could arrest it as to the cause of action before arisen, even if such fraud should be in itself a new cause of action, subject to a new operation of the statute. The action here is trover, or case for embezzlement ; the cause of action is the conversion or embezzlement, or say the fraud, of defendant: by whatever name it may be called, the cause of action alleged in either count of the declaration, existed from the time the defendant converted the cotton to his use; and any subsequent concealment, however it might be regarded if itself presented *406 -as a new cause of action, affected the plaintiff’s assertion, and proof of his rights, but did not at all affect the existence of his rights, or interpose any legal obstacle to their establishment.
In the case of Bree vs. Holbeck, Doug. 654, Lord Mansfield, whilst he decided that it was an insufficient replication to a plea of the statute of limitations, to allege the plaintiff’s ignorance of his rights until the commencement of the suit, without allegation that the defendant had been guilty of fraudulent concealment, said, “ there maybe cases which fraud will take out of the statute of limitations.” That dictum has been often repeated,' but has never yet produced any case in an English court of law, where the operation of the statute, upon a cause of action which existed, was arrested by proof of fraud. Various late English cases, such as Granger vs. George, 5 Barn. and Cres. 141, (11 E. C. L. R. 185;) Short vs. McCarthy, 3 Barn. and Ald. 626, (5 E. C. L. R. 403; Battley vs. Falkner, id. 288, (5 E. C. L. R. 288,) even more strongly than our case of Thomas vs. Fh'vin, Cheves, 22, enforce the doctrine held by Lord Mansfield, that the plaintiff’s ignorance will not of itself affect the statute; and the case of Brown vs. Howard, 2 Brad. and Bing. 72, (6 E. C. L. R. 25,) going still further, holds that the fraud of the defendant, added to the ignorance of the plaintiff, would not prevent the statute from barring the contract sued on,’ “ because.; though fraud is alleged, the gist of the action is not fraud, but a contract;” and although an intimation was given that the plaintiff might have another action on the fraud, which perhaps would not be barred, the verdict in his favor was set aside, the court of common pleas declaring that it could not set aside the express words of the statute.
In Massachusetts and Pennsylvania, cases have occurred where fraudulent concealment has been held to suspend the statute of limitations; (see 3 Mass. Rep. 201; 18 id. 435 ; 9 Pick. 244;) but in those States there is no court of equity, and the courts of law have naturally slid into the doctrine maintained by courts of equity, in applying to suits in equity the statute which, in its terms, does not embrace them, that where the statute ought not, in conscience, to run, it shall not avail the party whose conscience is affect *407 ed. A careful examination of the subject was made by Ch. Justice Spencer, in New York, (Troup vs. Smith, 20 Johns. 32,) who, after a review of the authorities, declares that, “ whether there was a fraudulent concealment or not,, so as to prevent the plaintiff’s discovering the fraud until within six years before the commencement of this suit, sitting as a court of law, and bound by the express provisions of the statute, we could not notice the fraud so as to take-the case out of the operation of the statute.” In our case of Harrell vs. Kelly, 2 McC. 426, the court refused to set aside a verdict found against a plea of the statute, and it is laid down that “ if the plaintiff prosecute his claim within four years from the time the fraud is discovered, the case is not barred but it will be seen that the result of that case may be well justified, upon the ground that no cause of action arose against the defendant before a demand.
A later case, Miles vs. Berry, 1 Hill, 296, sustains the position now assumed, that the original cause of action will be barred, and that the discovery. of fraud can be of no' consequence in respect to the statute, unless it be that the fraud is the gist of the action, and when it was discovered the cause of action arose. When the case may be presented, in which some distinct act of fraudulent concealment or artifice which prevented the plaintiff from discovering his rights, whereby a cause of action then existing was defeated, shall itself be alleged as the plaintiff’s cause of action, the sufficiency of such an allegation will be considered. At present we can only apply to the case as presented the plain words of the statute; and if we were permitted to speculate as to the expediency of adding to the exceptions of the statute, such a proviso as would justify the plaintiff’s replication, we might perhaps be brought to the conclusion that such an attempt to prevent the fraud of defendants, would produce great uncertainty, and in the end increase fraud, by the temptations it would offer for plaintiffs to evade the statute, by pretences and false testimony.
The motion to reverse the order of the circuit court is therefore refused.
Richardson, O’Neall, and Evans, JJ., concurred.