## LEONARD RICE *vs.* SIMEON BURT.

The concealment of property by an insolvent debtor from his assignee, and the concealment from a creditor of fraudulent acts, which, if known, would enable such creditor to avoid the debtor's discharge, do not constitute a fraudulent concealment of such creditor's cause of action, within the Rev. Sts. *c.* 120, § 21, so as to take the case out of the operation of the statute of limitations.

THIS action was brought to recover the amount of an account annexed to the writ, consisting wholly of items of debt, the last of which bore date February 1st, 1839. The writ bore date the 15th of February, 1847. The case was tried in this court before *Shaw*, C. J., by whom it was reserved and reported for the consideration of the whole court.

The defendant specified in defence and relied on the statute of limitations as a bar. He also relied on a discharge in insolvency. The plaintiff replied to the defence of the statute of limitations, that the defendant had fraudulently neglected and refused to deliver up to his assignee a large portion of his estate and effects, and fraudulently concealed the same, and that the plaintiff had no knowledge of and no means of discovering such fraud until a period within six years before the commencement of the suit.

At the trial, it appeared that voluntary proceedings in insolvency were commenced by the defendant, the first publication of notice of which was made on the 12th of June, 1839; that the defendant obtained his discharge on the 10th of August, 1839; and that the plaintiff proved the claims now in suit against the estate of the defendant, and received dividends thereon.

The plaintiff then proposed to avoid the operation of the defendant's discharge, by proving a fraudulent concealment of property from the assignee and other acts, which, by force of the provisions of the statutes on this subject, would render the discharge void; unless the judge should be of opinion, that the statute of limitations was a sufficient bar, and could not be avoided on the ground above taken by the plaintiff; in which case, the inquiry proposed by the plaintiff would become immaterial.

And the judge being of opinion, that the concealment of property by the defendant from his assignee, and the concealment from the plaintiff of such fraudulent acts, as, if known, would enable the plaintiff to invalidate and avoid the defendant's discharge, until within six years next before the commencement of the suit, if proved, would not be such a fraudulent concealment of the cause of action from the knowledge of the plaintiff, as to take the case out of the operation of the statute of limitations; a nonsuit was entered by consent, subject to the opinion of the whole court.

*B. F. Thomas*, for the plaintiff.

The cause of action is not the thing sued for, but "the right to prosecute a debt or demand with effect." *Douglas* v. *Forrest*, 4 Bing. 686, 704. *St.* 1838, *c.* 163, § 7, discharges the remedy; the defendant's discharge, being fraudulent and void, concealed from the plaintiff the cause of action, within the meaning of the statute of limitations. *First Massachusetts Turnp. Corp.* v. *Field*, 3 Mass. 201; *Homer* v. *Fish*, 1 Pick. 435; *Welles* v. *Fish*, 3 Pick. 74; *Bree* v. *Holbech*, Doug. 655; *Farnam* v. *Brooks*, 9 Pick. 212; Angell on Lim. (2d. ed.) 188–195; *Sherwood* v. *Sutton*, 5 Mason, 143. By analogy to the case of absence from the commonwealth (Rev. Sts. *c.* 120, § 9), we may deduct the time of the concealment.

*F. H. Dewey*, for the defendant.

METCALF, J. The question is, whether the evidence offered by the plaintiff would take the case out of the operation of the statute of limitations. By § 12 of that statute, (Rev. Sts. *c.* 120,) if any one who is liable to an action, "shall fraudulently conceal the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within six years after the person, who is entitled to bring the same, shall discover that he has such cause of action."

What is the cause of action, in the present case? Clearly it is the defendant's breach of the promise to pay the debt which the plaintiff alleges that the defendant owes him, according to the account annexed to the writ. And this

18 *

cause of action the defendant has never concealed. But he now sets up a discharge, under the insolvent law, from his liability to pay damages for this breach of promise. In answer to this defence, the plaintiff alleges, that the defendant committed a fraud in obtaining his discharge, and concealed that fraud till within six years next before this action was brought. And we are asked to decide that the concealment, by the defendant, of matter which the plaintiff must prove, in order to rebut and control the defendant's defence, is a concealment of the plaintiff's cause of action. This we cannot do.

In *First Massachusetts Turnpike Corporation* v. *Field*, 3 Mass. 201, cited for the plaintiff, the cause of action, as in the case at bar, was a breach of promise. The promise was to build and complete a road, in a faithful manner. The defendant built it defectively, and concealed the defect; thereby concealing the cause of action. That case, therefore, is no authority for the support of this action. If the plaintiff should bring an action against the defendant for fraudulently concealing his effects, *per quod* the plaintiff was prevented from recovering his claim, after the defendant's discharge, then the case above cited would be in point, so far as respects the statute of limitations. In saying this, however, we do not mean to intimate that such an action could be maintained.

*Nonsuit to stand*