ELBRIDGE GERRY *vs.* SAMUEL W. DUNHAM.

If a " person summoned as a trustee, upon his examination wilfully and knowingly answers falsely," the perjury thereby committed constitutes, not only a cause of action within R. S., c. 86, § 77, but also a fraudulent concealment of the cause of such action within c. 81, § 107.

On report.

Case to recover, under R. S., c. 86, § 77, the amount of a judgment recovered at the November term, 1859, of this court, for this county, by this plaintiff in an action against one Dean, in which action, Dunham, the defendant in this action, was summoned as trustee of Dean, and, as the plaintiff alleges, upon his examination as such trustee, "wilfully and knowingly answered falsely."

The writ was dated April 16, 1867. Plea, general issue and the statute of limitations.

The plaintiff made out a *prima facie* case, and the defendant relied on the statute of limitations, R. S., c. 86, § 105; to which the plaintiff replied a fraudulent concealment of the cause of action within the meaning of R. S., c. 86, § 107.

The disclosure of the trustee was taken in writing and placed upon the files in the clerk's office, where it has remained ever since it was made in 1859.

It appeared that prior to the defendant's disclosure as trustee, Dean had delivered into his possession goods and chattels, notes and accounts, to quite an amount, and absconded to Illinois, where he has remained ever since, and that Dunham falsely answered that he was not indebted to Dean, and had no money, goods, or effects in his hands, when summoned as trustee, belonging to Dean.

It also appeared substantially that Gerry had made diligent inquiries for Dean, and could not ascertain his place of residence.

*A. Black*, for the plaintiff.

*W. W. Virgin*, for the defendant.

If the plaintiff's cause of action was not penal, as held in *Mansfield* v. *Ward*, 16 Maine, 433, and therefore subject to the one year limitation of the statute, it would be subject to the six year clause.

To the statute of limitation the plaintiff replies, that the defendant "fraudulently concealed the cause of such action from the person entitled thereto," who is the plaintiff, within the meaning of R. S., c. 81, § 107.

If the action had been founded on c. 113, § 47, for "aiding"

Dean " in the fraudulent transfer and concealment of his property," and the false disclosure put in to prove the fraudulent concealment of such cause of action, there would have been a cause of action consisting of " aiding a debtor in a fraudulent transfer or concealment of his property," &c., as defined in c. 113, § 47, and a fraudulent concealment of such cause of action, under c. 81, § 107, by answering falsely.

But the cause of action, now under consideration, is defined by c. 86, § 77, to consist in perjury by falsely disclosing as a trustee ; and the only question is, does the one act of perjury constitute per se not only the cause of action, but also, and at the same time, a fraudulent concealment of the cause of action, which is itself.

Were it not for § 107, the statute of limitation being otherwise unqualified in its terms, would be an absolute bar to all actions at law to which it is applicable, although otherwise in equity. Some courts have mixed law and equity together, and held that even in law an absolute statute bar may be temporarily repealed by the fraud of the party pleading it. Angell on Lim. 179, where all the cases are collected. See, particularly, Troupe v. ——, 20 Johns. 33, where Spencer, C. J., demonstrates the absurdity of such a proposition, commenting on Turnpike Co. v. Field, 3 Mass. 201, cited by the plaintiff.

The limitation bar is qualified by § 107 which consists of two clauses, whereas the corresponding section in the Massachusetts statute consists of but one. Our § 107 is but an affirmance of the principle laid down by a class of cases, and which Professor Greenleaf, in his last sentence on " limitations " expresses as follows : " And it must be alleged and proved, not only that the plaintiff did not know of the existence of the cause of action, but that the defendant had practised fraud in order to prevent the plaintiff from obtaining knowledge at an earlier period." Hence § 107, which, like the cases which suggested it, contemplates two distinct things, viz., a cause of action and a fraudulent act by the defendant, by which the cause of action was concealed. If the terms of the statute had been, " Any person entitled to an action may commence the same within six years after he discovers that he has a just cause of action," then

this plaintiff might recover; for no fraudulent concealment would intervene.

Again; substitute the cause of action in § 107 and it will read, " If any person who has falsely disclosed, fraudulently conceals the fact of such false disclosure," &c. The fraudulent concealment is wanting.

*Massachusetts Turnpike Co.* v. *Field, supra,* is cited by Greenleaf to sustain his last sentence on " Limitations," 2 Greenl. on Ev., and does not sustain the plaintiff's case. Field promised to build and complete a turnpike in a special manner, but executed it in a defective manner, and then not only literally covered up the defect, " thereby concealing the cause of action " (as Metcalf, J., in the last paragraph of *Rice* v. *Burt,* 4 Cush., 210, says, in commenting upon the case), but represented that he had completed the work according to contract. Chapman, J., in pronouncing the opinion of the court in *Nudd* v. *Hamblen,* 8 Allen, 131, remarks, while speaking of *Turnpike* v. *Field,* as follows : " The defendant had contracted to construct a turnpike for the plaintiffs. He did some of the work deceitfully, and covered the defective work with earth. He then represented that he had completed the work, and received his pay." The defendant contends this case sustains Mr. Greenleaf and not the plaintiff.

There is a class of cases deciding that it is necessary to prove a concealment, and that there is no concealment when the party defrauded possesses the means of acquiring a knowledge of the facts. Such are *Cole* v. *McGlathry,* 9 Greenl. 131 ; *Farnham* v. *Brooks,* 9 Pick. 244 ; *McKown* v. *Whitman,* 31 Maine, 448 ; *Rouse* v. *Southard,* 39 Maine, 404 ; *Nudd* v. *Hamblin,* 8 Allen, 131.

*Way* v. *Cutting,* 20 N. H. 187, cited by the plaintiff, declares that the fraud by which a concealment is accomplished need not be other than that which constitutes the cause of action ; and adds, that fraud will in all cases prevent the bar of the statute, although the plaintiff possessed the means of detecting it.

New Hampshire has no statute like § 107. In deciding *Way* v. *Cutting,* their court were not giving a construction to the plain terms

of a statute, but went beyond all rules even in equity, and declared that where the owner of a farm falsely and fraudulently represented to the plaintiff that certain men named had appraised his farm at $4,150, *per quod* the plaintiff was induced to buy it, the defendant owner could not have the benefit of an unqualified absolute statute bar. In other words, that the power of an individual in its war with fraud, like the power of the government in its war with treason, is above all statute law.

All penal actions are made short-lived by § 105, and they can only be resurrected when they come within the spirit and letter of § 107. If there be no legal remedy in this case, the law should not be outraged to make one which shall meet any man's sense of justice.

But there is a remedy under c. 113, § 47, and nowhere else at this time unless the court conclude that a perjury committed under c. 86, § 77, is the representative of a dualism which more than rivals that of the Manichean.

DICKERSON, J. CASE charging the defendant with making a false disclosure, as trustee, whereby the plaintiff lost his debt against the principal debtor. R. S., c. 86, § 77.

The cause of action accrued more than six years before the commencement of this suit. The defendant relies upon the statute of limitations. R. S., c. 81, § 105. To this the plaintiff replies, that the statute does not attach, because of the defendant's fraudulent concealment of the cause of action from him. R. S., c. 81, § 107. The case calls for a construction of this section, which is as follows : " If any person, liable to an action, mentioned in this chapter, fraudulently conceals the cause of such action from the person entitled thereto, . . . the action may be commenced at any time within six years after the person entitled thereto discovers that he has just cause of action."

The cause of action consists in the false answers given by defendant in his disclosures as trustee ; and the question is, whether the defendant " fraudulently concealed the cause of such action "

from the plaintiff. If he did, it is conceded that the action is not barred by the statute of limitations; if he did not, it is.

The fraudulent concealment, if any, consisted in the perjury of the defendant, which also constituted the cause of action. In his disclosure as trustee the defendant denied that he was indebted to the principal debtor, though he then well knew that he owed him a very considerable sum. As the debtor had absconded from the State, and the defendant refused to pay him until the latter recovered judgment against him, it is apparent that the defendant committed the perjury for the fraudulent purpose of holding the debtor's property as his own. There were, therefore, the perjury and the fraudulent purpose. Was there superadded thereto a concealment of the cause of action, that is, of the perjury? There was no corporeal object to be concealed, but simply a mental one, a knowledge of the fact of the perjury. By his fraudulent representations concerning the relation of debtor and creditor then subsisting between him and the plaintiff's debtor, the defendant furnished the plaintiff with a cause of action against him, and by withholding from him all knowledge of the falsity of such representations he at the same time concealed from him the cause of action. The word "conceal," according to the best lexicographers, signifies to withhold, or keep secret mental facts from another's knowledge, as well as to hide or secrete physical objects from sight or observation. Viewed in the former sense of this word, the defendant's conduct clearly amounted to a concealment of the cause of action; he falsified the facts in the case, and concealed the knowledge that he had done so. If there was a concealment of the cause of action, there can be no question, as we have seen, that it was fraudulent.

It is not necessary that the fraudulent concealment should occur subsequently to the time the cause of action accrued. There is no such provision in the terms of the statute, nor does it admit of such construction; both may take place at the same time. It is not the purpose of the statute to protect a man in the enjoyment of the fruits of a fraudulent transaction, unless he should conceal the fraud subsequently to its commission, though he may have done so at its

inception.　A guilty party cannot thus take advantage of his own wrong.

The view we have taken of the case is sustained by the authorities cited by the plaintiff's counsel.　*Cole* v. *McGlathey*, 9 Greenl. 193; *The First Massachusetts Turnpike Cor.* v. *Field*, 3 Mass. 201; *Way* v. *Cutting*, 26 N. H. 187.　　　*Judgment for Plaintiff*.

APPLETON, C. J.; CUTTING, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.