## CHEMICAL NAT. BANK *v.* KISSANE.

*(Circuit Court, N. D. California.   October 3, 1887.)*

1. LIMITATION OF ACTIONS—ESTOPPEL TO PLEAD STATUTE—EQUITY.
   The fact that a debtor adds a name to his real name, removes to another state, and remains in such state under his assumed name until the cause of action against him on the demand is barred by the statute of limitations, affords no ground, under the statute of limitations of California, for enjoining the debtor from setting up the statute of limitations as a bar to an action at law to recover on the demand.

2. SAME—IN EQUITY.
   The statute of limitations of California applies to suits in equity as well as actions at law.

3. SAME.
   The statute of limitations of California provides for every exception to the running of the statute intended to be allowed, and every case wherein the time for the running of the statute is postponed beyond the time prescribed by the general provisions of the act.  These exceptions are as available at law as in equity, and, the remedy at law being complete, there is no ground for equitable relief.

*(Syllabus by the Court.)*

*E. D. Sawyer* and *Mr. Burnett,* for complainant.
*Garber, Thornton & Bishop* and *T. I. Bergen,* for defendant.
Before SAWYER, J.

SAWYER, J., *(orally.)*   This is a bill in equity to restrain the defendant from setting up a plea of the statute of limitations on a demand for money said to have been fraudulently obtained from the Chemical Bank, by Kissane and two other parties, more than 30 years ago,—as far back as 1855.

The complainant here files a bill to restrain the defendant from setting up the plea of the statute of limitations, Kissane having been a resident of this state for 30 years.   The ground for relief is, that after defendant obtained this money, he went to Nicaragua, enlisted in Walker's army, and changed his name, or rather added to his name.   His name being William Kissane, he took on the name of Rogers; so that the name he afterwards went by, was, William Kissane Rogers, or William K. Rogers, as he signed it.   It is alleged in the bill, that it was publicly reported, or rumored, that Kissane was killed in Nicaragua; that complainant believed that report, and therefore did not hunt for him.   Complainant now says, that this change of name is a fraud upon complainant, and is a good equitable ground for restraining defendant from setting up the statute of limitations in a suit upon the demand.   Undoubtedly, the old equity doctrine before the cases were covered by statutes of limitations, was, that in a certain class of cases, a party could be restrained on a bill in equity from setting up the statute of limitations.   On examination of those authorities, it will be found in all of them, I think, that there was some *legal* obstacle interposed by the party himself, or by the law, which prevented the prosecution of the suit.   They were

not mere matters of concealment of the person, or disguise, or anything of that sort. All of those cases are of the character indicated. Originally courts of equity would restrain the setting up of the statute of limitations in causes of action arising out of fraud, until the statute had run for the prescribed time after the facts constituting the fraud were discovered; because it was impossible to bring a suit, till the party discovered that he had a cause of action. Provisions of this kind were not in the original statutes of limitations; they were adopted from equity practice, where the principle was originally established. So, where an action was brought, a judgment obtained, and through error the party lost his suit, by a reversal of the judgment, and the suit had to be dismissed, and where in the mean time the statute had run against the original demand, courts of equity interfered because plaintiff was diligently pursuing his remedy, but by some mistake in the proceedings, or some error, had failed to maintain his action. He was active in maintaining his rights —in his endeavors to enforce them. But the defendant in such cases, by defending, interposed a legal obstruction to a recovery. It was thought that the plaintiff should not, in such case, be cut off from pursuing his remedy in the proper mode. Those, and others analogous to them, are all equitable grounds set up upon which courts of equity would restrain the setting up of the statute of limitations, the cases, although within the letter, being deemed not to be within the spirit and purpose of the statutes of limitations. So, also, the most common case, perhaps, for restraining the setting up of the statute of limitations, is where the defendant has enjoined the prosecution of a suit, until the statute of limitations has barred an action. In this case, the defendant himself has, also, interposed a legal obstruction, and courts of equity would not permit him to avail himself of advantages thus gained. He could not sue, because he was restrained in pursuance of law. He, therefore, should not lose his rights.

Every one of those cases depends upon equitable doctrines, and they have since been carried into the statute of limitations of California. All those cases are laid down in the books. I held in *Norris* v. *Haggin*, 28 Fed. Rep. 282, and I still adhere to that opinion, that our statute provides for every case where the statute of limitations can be made available, and for every case where the commencement of its operation will be postponed, or the time when it shall commence to run be delayed. It embodies certain exceptions to the general operation of its provisions, and these exceptions, so provided for, are all the exceptions intended by the legislature, and these exceptions are adopted from the equity practice. Our statute of limitations applies to courts of equity, as well as to courts of law, as is well settled by the supreme court of the state. See the authorities cited in *Norris* v. *Haggin*, *supra*.

The courts of equity in this state, therefore, are no more authorized to interpolate into the statute other exceptions than courts of law. This would be legislation. The same provisions as to limitations, and the same exceptions as to their general operation, or postponing their operation, or fixing the time when, in exceptional cases, they shall begin to

run, can be set up and made available in an action at law, as well as in an equity case; and the provisions and exceptions can be set up in equity in the same way as they can be at law.   Hence there is no occasion to go into equity on that ground.   The statute provides for all cases, and the remedy at law is complete.   The statute provides for all cases, wherein the party is entitled to avail himself of an exception to the immediate operation of any provision of the statute of limitations, as will be seen by an examination of its various sections.   The question of disabilities is provided for in section 352.   So, also, when a party dies before the cause of action is barred, its operation is postponed.   Section 353.   Here is one: "When a person who is an alien subject, or citizen of a country at war with the United States, the time of the continuance of the war is not part of the period limited for the commencement of the action."

A suspension of the running of the statute upon a demand already in suit, in which the judgment is reversed, and pending the suit the prescribed time has run, is covered by section 356.   The most common case, perhaps, in which a court of equity interfered, and restrained the setting up of the statute, before the case was provided for by statutes, is provided for in section 356, in the following language: "When the commencement of an action is stayed by injunction, or statutory prohibition, the time of the continuance of the injunction, or prohibition, is not part of the time limited for the commencement of the action."   There are other provisions.   Thus it is clear, that the legislature intended to provide for every case, wherein an exception to the immediate operation of the statute is intended, and it covers perhaps all cases, where courts of equity would interfere, before the statute, to restrain the setting up of the statute.   If it does not, it covers all cases intended to be covered, and the court is not authorized to add others.   That would be legislation.   And the statute applies equally at law and in equity.   All of these cases in a court of equity, where the party would, formerly, be restrained, are cases where there is some legal obstacle, or some equivalent acts in the way of plaintiff's pursuing his remedy.

In this case, there was no legal obstacle in the way, at all.   It is true the man, in a certain sense, disguised himself by assuming an additional name, and moved into another state; but there is no legal obstacle to instituting a suit.   All complainant had to do was to find the defendant. It was well aware of the cause of action.   It was its own fault, or misfortune, if it was unable to find its debtor.   If defendant had come into this state, and gone into some of its most secluded corners, without adding a name to his own, it is not likely, he would have been found, within the time allowed by the statute.   I apprehend, that no one in that case, would have set up the fact, that he could not be found till the action was barred, as an equitable ground for restraining him from availing himself of the statute of limitations.   So, if being bald-headed, he should put on a wig, or cultivate his beard in such way, or wear false whiskers, or in some other way disguise himself, in addition to moving to another state, or while staying in some secluded spot in the state, where his obligation was incurred, that would be no legal obstacle to bringing a suit.

It would be simply throwing a difficulty in the way of finding, or recognizing, the man. So, taking on an additional name is only another element of the same kind of disguise. It interposed no legal impediment to the pursuing of the remedy, provided he should be found. It might make it more troublesome to find him. I think, therefore, it is not a case under our statute, or upon equitable principles established before the statutes, covering the points upon which the party can be restrained from setting up the statute of limitations. The taking on of another name is an act of disguise, and of secretion, but it interposes no legal impediment. Then, again, the bill, I think, does not allege any diligence in hunting him up. See *Norris* v. *Haggin, supra.* The bill states that it was rumored, or supposed, that defendant was killed in Nicaragua, and intimates that, perhaps, he caused the rumor to be spread. If complainant believed public rumor, without taking the trouble to verify its truth, and failed to pursue its rights for that reason, that is its misfortune, or its fault. The defendant has lived openly and publicly in one of the most frequented parts of the state for 30 years. It is scarcely possible that he has not met hundreds of people who knew him under the name of Kissane during the last 30 years.

Even imbecility of the creditor is stated by Story not to afford any excuse in equity for not commencing a suit within the time prescribed by the statute of limitations. Story, Eq. Jur. 1521a; *Norris* v. *Haggin,* 28 Fed. Rep. 282. Much less should a failure to hunt for a debtor by reason of belief in a public rumor that he is dead excuse neglect, and abrogate the statute.

Then, again, there is a technical ground against maintaining this bill. There is no allegation, that complainant has commenced a suit at law, or that defendant has attempted to set up the statute of limitations, or that he has even intended to set it up, should a suit be commenced. *Non constat* that he would set it up. Complainant cannot know that he will do it, until it commences a suit and ascertains. There is no allegation of a threat to set it up. The bill only alleges that complainant believes the statute would be set up. This is insufficient. I do not think that complainant's belief, or fears, without some facts indicating the purpose of defendant, can constitute equitable grounds for relief. But there is no equity in the bill, and the objection is radical, and cannot be obviated by amendment.

The demurrer must be sustained, and the bill dismissed; and it is so ordered.