## JAFFREY *et al. v.* BEAR *et al.*

(*Circuit Court, E. D. North Carolina.* May 14, 1890.)

1. EQUITY JURISDICTION—REMEDY AT LAW—SETTING ASIDE SETTLEMENT.
    Where a creditor has received a portion of his claim in full settlement, but has given no release under seal, a bill in chancery to set aside the settlement will not lie, since he still has the right to sue at law for the residue of his claim. .

2. SAME—STATUTE OF LIMITATIONS—FRAUD.
    The fact that a creditor has been induced by the fraud of his debtor to defer bringing suit until his claim is barred at law by the statute of limitations does not give a court of chancery jurisdiction of the cause of action.

In Equity.
*E. S. Martin, M. Bellamy* and *T. Strange*, for plaintiffs.
*D. L. Russell* and *George Davis & Son*, for defendants.

SEYMOUR, J. The plaintiffs allege that in October, 1881, defendants' firm became indebted to them in the sum of $3,206.53, and that in November of the same year it made an assignment giving preferences to creditors, or alleged creditors, other than plaintiffs, to the amount of $75,000; that upon their own investigation and representations of defendants to the effect that the debts secured in the deed of trust were *bona fide*, they compromised at 25 cents on the dollar; that they have since discovered a considerable part of the amount so secured to have been wholly fraudulent, and made up of fictitious debts inserted in the deed of trust for the purpose of inducing creditors, among them plaintiffs, to accept less than was due them. While more than three years have elapsed since their cause of action accrued, they aver that less than that time has passed since they have discovered the fraud practiced upon themselves and the other creditors of Sol Bear & Co. They claim that though they may be barred by the state statute of limitations, both at law and in equity, in the courts of North Carolina, as has been decided in *Jaffray* v. *Bear*, 103 N. C. 165, 9 S. E. Rep. 382, they can yet maintain an equitable action in the United States courts. For this they cite several decisions of the supreme court, and in particular *Kirby* v. *Railroad Co.*, 120 U. S. 130, 7 Sup. Ct. Rep. 430. In that case Mr. Justice HARLAN states, what has long been the settled rule in the United States

courts, viz., that, "while the courts of the Union are required by the statutes creating them to accept as rules of decision in trials at common law the laws of the several states, except where the constitution, laws," etc., "of the United States otherwise provide, their jurisdiction in equity cannot be impaired by the local statutes of the different states in which they sit." He therefore holds that the New York statute of limitations does not affect the power of the circuit court of the United States, following the settled rules of equity, to adjudge that time does not run in favor of defendants charged with actual concealed fraud until after such fraud either is, or with due diligence ought to be, discovered.

The case at bar is not one in which the plaintiffs are entitled to equitable relief, unless the fact that they have lost their remedy at law by not suing in apt time, by reason of defendants' fraud, gives them a right to equitable relief. This will appear from the following considerations:

The prayer of the bill is—*First*, that the compromise and settlement between plaintiffs and defendants be declared null and void; and, *second*, for a judgment for the balance due plaintiffs, with interest. This is not a creditors' bill. It is not founded on a judgment and unsatisfied lien on defendants' property. It is not an action to set aside the alleged fraudulent assignment, for if such an action could be maintained by a simple contract creditor, before reducing his debt to judgment, issuing execution, and having a return made of *nulla bona*, it would not lie in this case, because the bill avers a reconveyance to defendants of the property conveyed by the deed of trust; nor would it lie on this bill, because no such relief is demanded. It cannot be sustained as an action to set aside a release, because no release is averred or exists. Plaintiffs simply aver that defendants agreed to accept $842.87 in compromise and settlement, etc., and that the same was paid them. There is nothing in their receipt of such sum to prevent them from maintaining an action at law for the balance still unpaid. In *Skilbeck* v. *Hilton*, L. R. 2 Eq. 587, in which a release was set aside, there was a release under seal, and jurisdiction was taken on the ground of mistake in executing it. Here there is no release, and nothing but the act, said to have been induced by fraud, of accepting a portion of the amount due in lieu of the whole. Nor is this a case like that of *Daniel* v. *Board of Commissioners*, 74 N. C. 496, where a court of equity would not allow a defendant to plead the statute of limitations on account of his own agreement not to do so. In that class of decisions equity enforces a contract on the ground of no adequate relief at law for its breach.

Having shown that this case is not cognizable in equity on any of the ordinary grounds for equitable relief, it will be well to state clearly what the action is, and why it is contended that a court of equity will entertain it. It is a suit for money due for goods sold and delivered. At law it would be an action of *assumpsit*. The plaintiff sues in equity because he is barred at law, and claims that as he is barred at law by reason of having failed to bring suit in time, and, as his failure to bring suit in time was caused by the fraudulent conduct of defendants, he is entitled to be relieved in equity. The fraud charged is collateral to the plaintiff's cause

of action, and not the foundation of the suit. The plaintiff's contention must be, then, that in every case of purely legal cognizance, in which a party to a contract has been guilty of a fraud collateral to the contract, the result of which has been that the obligee has failed to sue, and has thereby allowed the statute of limitations to run against him, equity acquires jurisdiction. The principle asserted would extend very far beyond the facts of this case, and would effectually nullify the salutary policy of the legislatures of our various states and of the United States in their legislation against stale claims. It would cover every case of misrepresentation, whether oral or acted, by which a debtor might induce his creditor not to sue. It would extend to an oral statement to a creditor that he would gain nothing by suing, to a concealment by a debtor of the amount or value of his property. In short, wherever a debtor has by word or act falsely asserted that his creditor could not obtain his debt by legal process, and has thereby prevented the creditor from suing until the lapse of the time fixed in the statute of limitations, the creditor who is barred at law may, upon the theory of this case, collect his debt in equity, if he can show that he has subsequently ascertained that the debtor's representations were false, and that he was, without laches of his own, deceived by them.

I know of no adjudicated case taking this ground. The two sections cited by counsel from Story (Eq. Jur. §§ 1521, 1521a) evidently refer to cases where equity has jurisdiction independently of the collateral fraud, and intend to state that, in such cases, the court, in exercising its concurrent jurisdiction, will not allow such fraud to have the effect of barring relief. If it could be construed to go further, it would be unsupported by authority. If such a ground of equitable jurisdiction existed, it would doubtless be covered by a line of cases based upon it. The fact that this is, concededly, a case of first impression, shows that no such principle exists.

I have not considered it necessary to discuss the question of whether or not plaintiffs have sufficiently shown want of laches in not sooner discovering the fraudulent character of the fictitious claims alleged to exist in the assignment in trust. No reason is given why the inquiries made within the last three years, which resulted in the discovery that the Manning debt was fictitious, might not as well have been instituted earlier. I prefer, however, to rest my decision upon the grounds before stated, believing them abundantly sufficient. Judgment for defendants for costs.