## PAMOZZO v. CARBORUNDUM CO.
### No. 1859.

District Court, W. D. New York.
May 3, 1934.

William L. Clay, of Rochester, N. Y. (Philip Halpern, of Buffalo, N. Y., of counsel), for complainant.

Harold J. Adams, of Buffalo, N. Y. (Percy R. Smith, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Plaintiff brought an action against the defendant in the Supreme Court of New York to recover damages for decedent's death caused through negligence. Decedent died June 29, 1931. Section 130 of the Decedent Estate Law of the state of New York (Consol. Laws N. Y. c. 13) requires that an action to

recover for wrongful death must be commenced "within two years after the decedent's death." The action aforesaid was commenced more than two years subsequent to decedent's death. On defendant's motion, the action was dismissed as barred by the statute of limitations. The plaintiff brings this action in equity to recover on account of the same acts of negligence for which recovery was sought in the state court, and alleges as a basis for the jurisdiction of a court of equity that the defendant willfully misrepresented to the plaintiff the cause of decedent's death, with intent to conceal the existence of her cause of action against the defendant until the statute of limitations had run; that the plaintiff relied upon the representation and did not discover their falsity until more than two years had elapsed after decedent's death.

Defendant moves to dismiss the complaint under Rule 29 of the Equity Rules (28 US CA § 723).

Federal courts sitting in equity are not always bound by state statutes of limitation. It is equally true that they are usually guided by them. The statute has been disregarded where fraud in some connection has been charged and exceptional and extraordinary circumstances shown. Dempsey v. Fairmont Creamery Co. (C. C. A.) 37 F.(2d) 335; Johnson v. Umsted (C. C. A.) 64 F.(2d) 316; Winget v. Rockwood et al. (C. C. A.) 69 F. (2d) 326; Benedict v. City of New York, 250 U. S. 321, 39 S. Ct. 476, 63 L. Ed. 1005; Kirby v. Lake Shore, etc., R. R., 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569. The weight of authority, however, is to the effect that this court will not assume jurisdiction upon facts and circumstances such as are set forth in this complaint. This is said with full recognition of the rule that the facts pleaded must be deemed to be admitted. For the reasons hereinafter assigned, the motion must be granted:

1. The action now pending is to recover on account of alleged negligence. The right to recover was created by statute. Decedent Estate Law, N. Y., § 130. It did not exist at common law. The issues under that statute are triable by a jury. Plaintiff seeks to change the forum by the claim that misrepresentation made subsequent to the origin of the cause of action has resulted in the loss of her remedy in the state courts. It is not only a fundamental principle, but the statutes provide that relief cannot be sought in equity where the plaintiff has a "plain, adequate and complete" remedy at law. 28

USCA § 384, Judicial Code, § 267; Pomeroy on Equity Jurisprudence (4th Ed.) § 130. This rule of which the statute is merely declaratory has existed through the many years beginning with the first known history of Chancery Courts in England. Concededly the plaintiff had an adequate remedy at law. The fact standing alone that she is not able to enforce that recovery is not enough to confer jurisdiction in equity.

As was said in Thompson v. Allen County, 115 U. S. 550, 6 S. Ct. 140, 142, 29 L. Ed. 472: "A court of equity cannot, by averring there is a right but no remedy known to the law, create a remedy in violation of law, or even without the authority of law. It acts upon established principles not only, but through established channels." Again, as was said in Willis v. O'Connell (D. C.) 231 F. 1004, 1015: "The want of a remedy is entirely distinct from the inability to obtain the fruits of a remedy; and where there is a complete remedy at law, the fact that there is difficulty in its execution will not authorize the court of equity to grant relief." Preston v. Sturgis Milling Co. (C. C. A.) 183 F. 1, 23 L. R. A. (N. S.) 1020, and cases cited; Willis v. O'Connell, supra.

2. The action is brought to recover on account of alleged negligence. The allegations in respect to fraudulent representation are incidental to and not the basis of the cause of action. "The fraud charged is collateral to the plaintiff's cause of action," as stated in Jaffrey v. Bear (C. C.) 42 F. 569, 570. Dehydro, Inc., v. Tretolite Co. (D. C.) 53 F.(2d) 273. The right of action on account of alleged negligence is purely statutory, and this court sitting in equity has no jurisdiction over such action.

3. The statute of limitations is one of "repose." It does not cancel or discharge a debt. The rights of a party may be revived, as frequently happens, by a partial payment, and other ways having no bearing here. Certain exceptions limiting it are set forth in article 2 of the Civil Practice Act of New York. This case does not come within such exceptions. The resort to equity may be had where the statute has run as against a right of action based on fraud, and where there was concurrent jurisdiction in law and equity. Dodds v. McColgan, 134 Misc. 518, 235 N. Y. S. 492, affirmed 229 App. Div. 273, 241 N. Y. S. 584, 587, cited by plaintiff, is an authority for this proposition. The appellate court there, however, points the distinction to be made between that case and the one at bar, in this language: "The gravamen of the complaint is that decedent's fraud and misrepresenta-

tions commenced by the giving of the worthless estate notes to plaintiff." The right of action was based on fraud in its inception and was not collateral. This cause of action was not revived by the discovery of the misrepresentation subsequent to the running of the statute. Pernisi v. Schmalz' Sons, Inc., 142 App. Div. 53, 126 N. Y. S. 880; Conklin v. Draper, 229 App. Div. 227, 241 N. Y. S. 529, affirmed 254 N. Y. 620, 173 N. E. 892; Chemical National Bank v. Kissane (C. C.) 32 F. 429.

4. Plaintiff's rights to bring the action in the state court was lost through her own lack of diligence to ordinary and reasonable efforts to ascertain such rights. Assuming the alleged representations were made, something more than mere reliance on statements made by party negligible in negligence, as made in this case, must be shown before the equity side of the court can be invoked. It is specially patent in this case that the same proofs to the cause of death as now alleged were obtainable during two years following the date of death through the usual and ordinary investigations made in the prosecution of any negligence action. "Generally courts of equity act, or refuse to act, in analogy to the statute, and they will not be moved to set aside a fraudulent transaction * * * at the suit of one who has been quiescent during a period longer than that fixed by the statute of limitations * * * after he was put upon inquiry, with the means of knowledge accessible to him." Percy v. Cockrill (C. C. A.) 53 F. 872, 876. "A court of equity * * * has always refused its aid to stale demands, * * * nothing can call forth the court into activity but conscience, good faith and reasonable diligence." Smith v. Clay, 3 Br. Ch. 639. New York City v. Pine, 185 U. S. 93, 22 S. Ct. 592, 46 L. Ed. 820. While laches, as such, is not involved here, the language just quoted is applicable as a statement of a general rule in equity. 21 C. J. Equity, § 23, and cases cited. Any other construction would lead to a substantial nullification of the statute of limitations. Norris v. Haggin (C. C.) 28 F. 275, 282; Jaffrey v. Bear (C. C.) 42 F. 569; Murray v. Chicago & N. W. Ry. Co. (C. C. A.) 92 F. 868; 26 Cyc. 1215.

5. There are many cases in which, after the expiration of the statute of limitations, equity jurisdiction has been sustained, such as where fraud has been perpetrated in connection with and at the time of the occurrence of the transactions out of which the cause of action arose; also where a trust or fiduciary relationship has been shown to exist, and where acts are held to amount to a waiver.

The weight of the authorities, however, is that an action in equity cannot be maintained where the fraud charged is through the concealment of the cause of action.

The cases cited by plaintiff are mostly included in the above-mentioned groups.

In Bailey v. Glover, 21 Wall. (88 U. S.) 342, 22 L. Ed. 636, and First Mass. Turnpike Corporation v. Field, 3 Mass. 201, 3 Am. Dec. 124, as well as in Dodds v. McColgan, supra, the fraud charged was in connection with the basis of the action. In Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747, and Clarke v. Gilmore, 149 App. Div. 445, 133 N. Y. S. 1047, there was a trust relationship, and it was held that the statute did not begin to run until the discovery of the fraud. Many of the states, including New York, make provision by statute "that in actions for relief on the ground of fraud the cause of action shall not be deemed to have accrued until discovery of the fraud." Wood on Limitations, p. 1358. As further stated by this text-writer: "It would seem to follow, under the well settled rules of construction of statutes, that the fraudulent concealment of a cause of action, or the nondiscovery of the fraud for which an action would lie, affords no excuse for the delay of a plaintiff in an action at law, * * * and that he can only obtain relief, * * * in such cases as come within the scope of equitable relief."

In Thompson v. Phenix Insurance Co., 136 U. S. 287, 10 S. Ct. 1019, 34 L. Ed. 408, and Howard v. West Jersey Railroad Co. et al., 102 N. J. Eq. 517, 141 A. 755, affirmed 104 N. J. Eq. 201, 144 A. 919, it was held that representations made constituted a waiver of certain rights. There is no basis for the claim of waiver, and there is no allegation of an expressed or implied agreement to waive. In so far as Brookshire v. Burkhart, 141 Okl. 1, 283 P. 571, 67 A. L. R. 1059, and Howard v. West Jersey Railroad Co., supra, are in conflict with the view taken by this court with reference to its jurisdiction in equity herein, this court disagrees.

6. No trust relationship exists here. The statute of limitations begins to run from the date of death and not from the date of the discovery of the cause of death. The facts in Chemical National Bank v. Kissane (C. C.) 32 F. 429, 430, are quite parallel to those in the case at bar. Plaintiff sought to restrain defendant from setting up the statute of limitations as a bar to an action at law to recover a debt. The basis of the appeal to

equity was that the defendant had deceived the plaintiff by changing his name and moving from the state and remaining away until the statute had run. The court in that case recited numerous grounds on which equity would act, and stated that all of them had been carried into the statutes of the state. It was said in connection with the state statute: "It embodies certain exceptions to the general operation of its provisions, and these exceptions, so provided for, are all exceptions intended by the legislature, and these exceptions are adopted from the equity practice. Our statute of limitations applies to courts of equity * * * as is well settled by the supreme court of the state. * * * The courts of equity in this state, therefore, are no more authorized to interpolate into the statute other exceptions than courts of law. This would be legislation." All of the equitable doctrines recited in that case have been written into the exceptions to the application of the statute of limitations in the New York Civil Practice Act.

In Murray v. Chicago & N. W. Ry. Co., 92 F. 868, 872, the action was brought to recover damages for overcharges on freight. The Circuit Court sustained the demurrer to the petition on the ground that the action was barred by the statute of limitations. The overcharges were made more than five years prior to the commencement of the action. The Iowa statute (Rev. Code 1886, § 2529) provided that actions "founded on unwritten contracts, * * * for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for" might be brought within five years after the cause accrued. Plaintiff alleged that defendant made representations that it made no deviation from its rates, that plaintiff had equal rates with others, and that the plaintiff believed the representations, that they were untrue, that the facts were fraudulently concealed, and that plaintiff had first ascertained the facts within eighteen months before bringing suit. It was held that the case did not come within any exceptions to the statute, and that none could be ingrafted on it by the court. The following language in the opinion is pertinent:

"The plaintiff's cause of action is not founded on fraud; for, if the allegations as set out in the petition are true, he has a good cause of action, independently of any fraud or concealment. The unjust discriminations, and their payment by plaintiff, constitute the cause of action, regardless of the fraud and deceit. * * * " It appears the Supreme Court of Iowa had held that, "according to the rules of the common law, a case in which the cause of action is concealed is excepted from all statutes of limitations until the cause is, or by due diligence could have been, discovered." Upon a pleading parallel in its essential features, the court also held that the allegations were insufficient to show proper diligence on the part of the plaintiff to ascertain his right of action prior to the running of the statute. Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807. "Equality is equity," and "When equity is equal the law prevails," are maxims of equity jurisprudence. Defendant was entitled to a trial and determination by a jury of the question of negligence. It is true that the court sitting in equity may submit questions of fact to a jury for its recommendation. It is equally true it is not bound by such recommendations. By the simple expedient of claiming that he was defrauded in his rights through representations made by the defendant, plaintiff seeks to change the forum of the tribunal from that in which defendant had the right to trial by jury to one where the trial is by the court and seeks to recover on an identical cause. The evil which must result through sustaining this complaint is clearly manifest. The courts would be flooded with actions brought long after state statute of limitations had run against the right of action. Such actions would not be limited to actions in negligence. The same reasoning advanced by the plaintiff here could be advanced in many types of action. These considerations may well be borne in mind in determining the rights of the parties herein.

Defendant's motion to dismiss the complaint on each of the grounds stated in the notice of motion, to wit, that it does not state a valid cause of action in equity, that equity has no jurisdiction, and the action is barred by the statute of limitations, is granted.