PERNISI v. JOHN SCHMALZ'S SONS, Inc.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. DEATH (§ 38*)—ACTION FOR CAUSING DEATH—SPECIAL LIMITATIONS—NATURE AND EFFECT.

Under Code Civ. Proc. § 1902 (derived from Laws 1847, c. 450, as amended by Laws 1849, c. 256, and Laws 1870, c. 78), as amended by Laws 1909, c. 221, giving a cause of action for causing death, and providing that such an action must be commenced within two years after the decedent's death, the limitation relates to the liability as well as to the remedy.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 53; Dec. Dig. § 38.*]

2. DEATH (§ 37*)—ACTION FOR DEATH—LIMITATIONS—APPLICATION OF GENERAL STATUTE.

In so far as Code Civ. Proc. § 1902, providing that an action for causing death must be commenced within two years after the death, is used as a remedy, it should be pleaded, and falls within chapter 4, the general statute of limitations (section 414) excepting other cases only so far as a different or shorter limitation of time is prescribed by law or contract, but not excluding them from other consistent provisions of the chapter; but, so far as section 1902 limits the liability, chapter 4 has no application.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 52; Dec. Dig. § 37.*]

3. LIMITATION OF ACTIONS (§ 177*)—PLEADING—ACTION FOR CAUSING DEATH.

Under Code Civ. Proc. § 1902, providing that an action for causing death must be commenced within two years after the death, the time of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the commencement of the action must be pleaded, so far as practicable, if the plaintiff depends on a continuance of the liability beyond the two years, as where the trial is after the expiration of two years.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 177.*]

4. LIMITATION OF ACTIONS (§ 193*)—ACTION FOR CAUSING DEATH—PLEADING—LIMITATIONS.

Where the summons and complaint in an action for causing death are intended for service at the same time, plaintiff may plead the date of the death, that two years therefrom had not expired, and on the trial show the date of the service of the summons.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 193.*]

5. LIMITATION OF ACTIONS (§ 180*)—ACTION FOR CAUSING DEATH—PLEADING.

Where the complaint shows that an action for causing death was not begun in time, it shows affirmatively that plaintiff had no cause of action.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 180.*]

6. LIMITATION OF ACTIONS (§ 180*)—MOTION RELATING TO PLEADING—JUDGMENT ON PLEADING.

In an action for causing death, where there is no evidence whether the summons was served with the complaint, but the summons shows on its face that it was not issued within two years of the death, it is not ground for judgment on the pleadings, since the court can consider the pleadings only, unless the parties consent to the submission of other matter.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 180.*]

Appeal from Special Term, King's County.

Action by Anna Pernisi, as administratrix de bonis non of Francesco Pirrone, against John Schmalz's Sons, Incorporated. From an order denying defendant's motion for judgment on the pleadings, pursuant to Code Civ. Proc. § 547, it appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, CARR, JENKS, and THOMAS, JJ.

Charles C. Reiley, for appellant.
William Adams Robinson, for respondent.

THOMAS, J.   The question is whether a complaint in an action for damages for death, under section 1902 of the Code of Civil Procedure, should show that the action was commenced within two years after the decedent's death. The cause of action, not existing at common law, was given in this state by chapter 450 of the Laws of 1847. The substance of the act is in two sections; the first creating the liability, and the second describing the person enabled to bring the action, and to whom distribution should be made, and the nature of the damages. Then follow these words: "Provided that every such action shall be commenced within two years after the death of such deceased person." The act was amended by chapter 256 of the Laws of 1849, introducing matter not here relevant. The second section was again amended by chapter 78 of the Laws of 1870, by providing for inserting in the judgment interest on the verdict; and the proviso was

preserved. From these acts, section 1902 of the Code (amended by chapter 221, Laws 1909) was formed. The formal proviso is dropped. The section enables the persons named to maintain the action. Then follows: "Such an action must be commenced within two years after the decedent's death."

The decisions favor the interpretation that the limitation relates to the liability as well as to the remedy. The Supreme Court of the United States, in The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 147 (30 L. Ed. 358), considered similar limitations in the statutes of Pennsylvania and Massachusetts, and considered that they operated upon the "liability itself as created, and not of the remedy alone." The opinion states that:

"It is a condition attached to the right to sue at all. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right."

In Johnson v. Phœnix Bridge Co., 197 N. Y. 316, 90 N. E. 953, the action was based upon the Civil Code of Lower Canada, which gives to named relatives a "right but only within a year after his death, to recover," etc. The opinion states:

"It (the cause of action) is also made dependent upon the action being commenced within a year after the decedent's death. The commencement of the action as therein provided is a condition precedent to its successful maintenance."

The question came before the court upon an appeal relating to an order allowing an amendment of the summons so as to bring in certain parties as plaintiffs, entitled to the indemnity, although the time for bringing an action had expired. In certain cases the objection was taken by answer; but the decisions have accorded with that in The Harrisburg. If the expiration of time was pleaded, it was sufficient to hold that the "proviso" had "the effect of a statute of limitations, and bars the action if not brought within two years." Bonnell v. Jewett, 24 Hun, 524. But the limitation goes not only to the remedy—and to that extent the answer should plead the expiration of limitation—but it goes also to the liability (Cavanagh v. Ocean, etc., Co., 19 N. Y. Civ. Proc. R. 391, 13 N. Y. Supp. 540); demurrer to reply to the defense in the answer (Dailey v. N. Y., O. & W. R. Co., 26 Misc. Rep. 539, 57 N. Y. Supp. 485); defense pleaded (Colell v. D., L. & W. R. R. Co., 80 App. Div. 342, 80 N. Y. Supp. 675, where the appeal was from an order allowing amendment of answer setting up the defense)- Mr. Justice Woodward, writing for the court, stated that:

"The complaint shows upon its face that the action was not commenced until after more than one year had elapsed (under the statute of New Jersey) from the time of the accident, and the objection may be raised at any time that the complaint does not state facts sufficient to constitute a cause of action."

And, as the amendment was deemed immaterial, the order was affirmed. These decisions accord with Hill v. Board of Supervisors, 119 N. Y. 344, 23 N. E. 921, which involved a different statute, but a similar question. The objection seems not to have been taken by answer.

The result of the decisions is that the limitation goes to the liability, and the remedy. If it be used for the latter purpose, it should be pleaded, and in that case would fall within chapter 4 of the Code. Section 414 excepts other cases only so far as a different or shorter limitation of time is prescribed by law or contract; but this does not exclude them from other consistent provisions of the chapter. Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; Titus v. Poole, 145 N. Y. 414, 40 N. E. 228. But, so far as section 1902 limits the liability, such chapter has no application. But must the plaintiff plead affirmatively that the action was begun within the time? The right to the cause of action depends upon the due commencement of the action. That is, the due commencement of the action is a condition precedent to the continuance of the liability beyond the limited time. When the deed is done, the cause of action springs into life. It lives two years, whether or not an action be brought. Then it dies, unless an action has been meantime begun. The commencement of the action extends the duration of the cause of action.

If, now, the plaintiff come to trial without alleging, so far as he may, the timely commencement of the action, and two years from the death shall have then expired, he must, to avail himself of an extension of the liability, prove that the action was commenced within two years of the death. Here the condition precedent to the continuance of the liability comes into full operation, and, if there is no allegation of its observance, a usual rule of pleading would seem to be violated. It is not deemed necessary to consider whether he may have a trial within two years from the death without pleading that the action was begun within that time. But it is concluded that the commencement of the action must be pleaded, so far as practicable, if the plaintiff would depend upon a continuance of the liability beyond the two years. But here a difficulty in pleading arises. If it be the intention. to serve the complaint with the summons, how may the plaintiff plead that the action has been begun? He cannot assert and verify a fact that has no existence. Nor would it aid the matter should he plead that two years had not expired since the death. That would not plead an action pending, because the action is not yet begun, and the summons, with or without the complaint, may not be served until two years shall have thereafter expired. So such allegation would not allege fulfillment of the condition. If the action has been begun by service of the summons without the complaint, that fact could be alleged without difficulty. If the summons and complaint were intended for service at the same time, plaintiff could plead the date of death, that two years therefrom had not expired, and upon the trial show the date of service of the summons. But, if the complaint show that the action was not begun in time, then the plaintiff affirmatively shows that he has no cause of action. In the case at bar there is no evidence whether the summons was served with the complaint; but the summons shows by its date that it was not issued within two years of the death. But this is a motion for judgment on the pleadings, and the court can consider them only, unless the parties consent to the submission of other matter. Although the summons is in the record, yet

the notice of motion for the judgment is on the pleadings, and the order does not recite that the summons was submitted or considered.

Hence the order should be affirmed, with $10 costs and disbursements. All concur.