(169 App. Div. 467)

AGRESTA v. FEDERAL STEAM NAVIGATION CO. OF ENGLAND.

(Supreme Court, Appellate Division, Second Department.    October 22, 1915.)

1. LIMITATION OF ACTIONS ⬤⇒187—PLEADING—NECESSITY OF PLEADING LIMITATION.

A limitation, to be available as a defense, must be pleaded.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 696; Dec. Dig. ⬤⇒187.]

2. PLEADING ⬤⇒350—MOTION FOR JUDGMENT—PAPERS TO BE CONSIDERED.

Under Code Civ. Proc. § 547, providing that, if either party is entitled to judgment upon the pleadings, the court may upon motion give judgment accordingly, the summons and an affidavit in support of such motion, claimed to show that the action was commenced after it was barred by limitations, were not "pleadings," and should not have been considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ⬤⇒350.

For other definitions, see Words and Phrases, First and Second Series, Pleading.]

3. PLEADING ⬤⟶350—MOTION FOR JUDGMENT—ORDER—SURPLUSAGE.
    Where a motion for judgment on the pleadings was made "upon the
    pleadings　*　*　* and the annexed affidavit," and no reference to the
    summons was made in the notice of motion, a recital of the summons in
    the order granting the motion might be considered surplusage.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054,
    1070–1077; Dec. Dig. ⬤⟶350.]

Appeal from Special Term, Kings County.

Action by Anna Agresta, as administratrix of Gaetano Agresta, deceased, against the Federal Steam Navigation Company of England. From an order granting defendant's motion for judgment on the pleadings, plaintiff appeals. Reversed, and motion denied.

See, also, 153 N. Y. Supp. 1104; 155 N. Y. Supp. 1091.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

Frederick W. Sparks, of Brooklyn, for appellant.
Ray Rood Allen, of New York City, for respondent.

CARR, J. This is an appeal from an order of the Special Term, entered May 25, 1909, directing judgment for the defendant upon the pleadings. The appeal was taken in time, but not prosecuted diligently. This court, however, denied a motion, very recently, to dismiss the appeal. The action was brought to recover damages resulting from the death of Agresta through the alleged negligence of the defendant. The complaint contained no allegation that the action had been begun within two years after the cause of action arose. The defendant moved for judgment upon the pleadings, and submitted the summons and an affidavit showing the beginning of the action some six years after the death of the decedent. The order directing judgment recites the summons and the affidavit.

[1] The theory of the Special Term must have been that the complaint should have alleged the beginning of an action within two years. The appellant relies upon the recent decision of the Court of Appeals in Sharrow v. Inland Lines, Ltd., 214 N. Y. 101, 108 N. E. 217. That case holds that the provision of the Code of Civil Procedure, requiring that actions of this nature must be brought within two years after the death of the decedent, constituted a limitation upon the ·remedy and not a condition precedent. The respondent urges, however, that as the summons, which was dated some six years after the death of the decedent, was before the court, it was evident that the action had been begun after the limitation matured. This is apart from the main question, for a limitation, to be available as a defense, must be pleaded.

[2, 3] The summons and affidavit on the motion are not pleadings, and should not be considered, upon a motion under section 547 of the Code of Civil Procedure. Our decision in Pernisi v. Schmalz' Sons, Incorporated, 142 App. Div. 53, 126 N. Y. Supp. 880, is cited by the respondent to the effect that on the motion at Special Term the court had the right to consider the date of the summons and the affidavit as to the time of its service, if the parties consented to such consideration. Here the motion was made "upon the pleadings in this action,

and the annexed affidavit of Everett Masten," etc. No reference to the summons was made in the notice of motion. It is true that the order recites the summons. But this may be considered surplusage. The question here involved was not passed upon, necessarily, in the Pernisi Case, although there are some obiter expressions of this court in that opinion which may seem to favor the contention of the respondent. Likewise, the legal theory of the Pernisi opinion was not approved in Sharrow v. Inland Lines, Ltd., ut supra. A statutory provision similar to the one now before us was considered by this court in Arnold v. Village of North Tarrytown, 137 App. Div. 68, 122 N. Y. Supp. 92, and was held to be a limitation upon the remedy. That decision was affirmed in the Court of Appeals expressly upon the opinion of this court. 203 N. Y. 536, 96 N. E. 1109.

We think that the order appealed from must be reversed, and the motion denied, without costs; but, in view of the long delay in prosecuting this appeal, and the fact that the order was made in reliance upon precedents not then disturbed, the reversal is without prejudice to any application which the defendant may see fit to make for leave to serve an amended answer pleading the limitation. All concur.