## BROOKSHIRE et al. v. BURKHART et al.

No. 18506. Opinion Filed Oct. 15, 1929.

Rehearing Denied Jan. 7, 1930.

Gray & Palmer and Edw. A. Jacobson, for plaintiffs in error.

Hamilton, Gross & Howard, for defendants in error W. K. Hale and John Ramsey.

Moss, Searcy, Montgomery & Young and Hubler & Hubler, for defendant in error Ernest Burkhart.

SWINDALL, J. This cause comes to this court by petition in error with transcript attached, from the district court of Osage county, Okla., wherein John Brookshire and Roy Brookshire, by his father and next friend, John Brookshire, commenced an action in the district court of Osage county, Okla., against Ernest Burkhart, W. K. Hale, and John Ramsey, defendants, to recover damages for the wrongful death of Nettie Cole Brookshire.

The second amended petition, being the one here involved, alleges, in substance: That John Brookshire is the surviving husband of Nettie Cole Brookshire, deceased, and that Roy Brookshire is the infant son of Nettie Cole Brookshire, and plaintiff John Brookshire, and plaintiffs are both residents of the state of Oklahoma, and that the residence of Nettie Cole Brookshire, deceased, at the time of her death was at Fairfax, Osage county, Okla., and that no personal representative is or has been appointed for the estate of said decedent, and that Roy Brookshire is the only surviving child of

said Nettie Cole Brookshire, deceased, and is a minor of the age of six years; that prior to the 10th day of March, 1923, the defendants, Ernest Burkhart, John Ramsey, and W. K. Hale, entered into a conspiracy to cause the death of Nettie Cole Brookshire, and that on or about the 10th day of March, 1923, pursuant to said conspiracy theretofore formed, said defendants wrongfully and unlawfully caused the blowing up by explosives of the home of W. E. Smith at Fairfax, Okla., and that said deceased, Nettie Cole Brookshire, was at that time of the age of 19 years, and was employed by the said W. E. Smith and resided at his home and was at his home at the time of said explosion, and that in and as a result of said explosion, thus wrongfully and unlawfully caused by the said defendants, said Nettie Cole Brookshire was killed and her body badly mutilated; that this cause of action arose wholly within the county of Osage, and state of Oklahoma, and that the plaintiffs had no knowledge or information concerning who were responsible for the injury herein complained of until on or about the 1st day of the year 1926, and that the plaintiff John Brookshire on several occasions soon after the blowing up of the home of W. E. Smith actively endeavored to ascertain the cause of the explosion which blew up the Smith home; that he talked with numerous parties in Fairfax, Okla., and tried to ascertain the cause of the explosion and who was responsible for it, but that he was unable to obtain any information concerning either the cause of the explosion or who was responsible for it, and that numerous people with whom he talked were not inclined to talk and expressed an unwillingness to give him any information concerning it, and were apparently afraid to disclose any information concerning the matter or even talk about it, and that the plaintiffs are and were at all times herein mentioned persons without means and had no money or funds with which to employ anyone to investigate said explosion or its cause, and had no money or funds to employ anyone to investigate or determine who was responsible for the same, and that they had no other means to investigate said matters except by making inquiries, which they did without success, and that it was only after months of investigation by numerous federal and state officials and after the expenditure of vast amounts of money in making such investigation that any information was obtained as to who was responsible for said explosion, and as to what was the cause of the same; and that it was only after said investigation had been made by said federal and state officials, and after the information obtained by said officials had

been made public, that these plaintiffs knew or had any means of learning the cause of said explosion, and that it was not until after said investigation by said federal and state officials had been made and after the result of the investigation had been made public that these plaintiffs were able to place responsibility for the same and know that a cause of action existed in their favor and against the defendants.

That a short time prior to the 10th day of March, 1923, W. K. Hale left Osage county, and state of Oklahoma, and went to the state of Texas, and remained there for a period of not more than 30 days for the purpose of being absent from Osage county, state of Oklahoma, at the time the home of W. E. Smith was to be blown up, and for the purpose of deceiving these plaintiffs and all others as to who was responsible for such explosion, and that at all times after said explosion each of the defendants in this action did any and everything possible and used all means possible to prevent these plaintiffs and others from discovering that they were responsible for said explosion, and by the conduct of said defendants these plaintiffs were prevented from discovering that said defendants had entered into said conspiracy and had caused said explosion, and that by reason of said action of said defendants they are estopped from pleading the statute of limitations against these plaintiffs and are estopped from asserting that this suit was not brought within the time allowed by statute.

That on or about the 9th day of June, 1926, the defendant Ernest Burkhart, co-conspirator of the defendants John Ramsey and W. K. Hale, pleaded guilty to a charge of murder of W. E. Smith in the district court of Osage county, Okla., said W. E. Smith having been killed at the said time and place and by the same explosion as the said Nettie Cole Brookshire, and admitted that there was a conspiracy entered into between the defendants to cause the death of the said W. E. Smith and the said Nettie Cole Brookshire.

That by reason of the wrongful and unlawful acts of said defendants and without any fault whatsoever on the part of the plaintiffs, plaintiffs were injured and damaged by the loss of care, and services and protection of said deceased to which they were entitled, and the loss of her support and prospective training for said plaintiff, Roy Brookshire, and that by reason of said unlawful acts, the plaintiffs have been damaged in the sum of $20,000 by said defendants.

That by reason of the fact that said death and injury was caused by the wanton, malicious, unlawful, and wrongful acts of the said defendants in utter disregard for the rights of deceased, said plaintiffs are entitled to the sum of $20,000 as exemplary damages.

Separate demurrer was filed by W. K. Hale and John Ramsey, and separate demurrer was filed by Ernest Burkhart, which demurrers were by the court sustained, and the plaintiffs announced in open court that they did not desire to further amend their petition, but desired to stand upon said second amended petition, and the court thereupon entered an order dismissing said second amended petition, to which the plaintiffs and each of them excepted and gave notice that they would appeal to the Supreme Court of Oklahoma, and within the time provided by law filed their transcript with petition in error attached, and said cause is now before this court to review the order of the district court of Osage county sustaining said demurrer.

A general demurrer admits the truth of all the facts pleaded in the petition, and the petition must be liberally construed, and all such facts must be taken as true for the purpose of the demurrer, and where a pleading states facts upon which pleader is entitled to any relief, under the law, the general demurrer should be overruled.

We are of the opinion that the trial court was correct in sustaining the demurrer in so far as the same related to John Brookshire, as, under the law in force at the time this action accrued, the damages inured to the exclusive benefit of the child, Roy Brookshire.

Section 824, C. O. S. 1921, was in force at the time the action accrued and provides that:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

Section 825, C. O. S. 1921, provides that:

"In all cases where the residence of the party whose death has been caused, as set forth in the preceding section, is at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The second section undertakes in no wise to modify the first, except that it provides that where the deceased was a nonresident, or where no personal representative had been or is appointed, suit may be brought and maintained by either "the widow, or where there is no widow, by the next of kin of such deceased." This is the distinction between these two sections. The second section was passed for the purpose, as is said by Mr. Justice Johnson, of the Supreme Court of Kansas, in the case of A., T. & S. Fe R. R. Co. v. Napole, 55 Kan. 401, 40 Pac. 669, of making "an existing cause of action available where the deceased was a nonresident of the state, or where, being a resident, no personal representative is or has been appointed."

The cause of action is alleged to have accrued on the 10th day of March, 1923, and the action was not commenced until the 23rd day of June, 1926. After this action accrued, and on February 4, 1925, section 824, supra, was amended (Laws 1925, c. 125) to provide that damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.

In the case of St. L. & S. F. Ry. Co. v. Donohoo, 82 Okla. 44, 198 Pac. 81, this court said:

"Under sections 5281 and 5282 of the Revised Laws of 1910 (same as sections 824, 825, C. O. S. 1921), the children of the deceased, where the wife of the deceased was dead at the time of bringing the action, may maintain an action in their own name, or by their guardian or next friend, for the wrongful death of their father, and the measure of the damages would be the same as though the action was brought by the administrator of the estate of the widow of the deceased."

Section 186, C. O. S. 1921, provides that if a person entitled to bring an action other than for recovery of real property, except for a penalty or for forfeiture, be, at the time the cause of action accrued, under legal disability, however, such person should be entitled to bring such action within one year after such disability shall be removed.

There are two issues presented to this court for determination: The first is the clause in section 824, supra, that "the action must be commenced within two years,"

a proviso in the statute creating the right requiring an action thereon to be brought within a specified time, and going to the existence of the right itself, the right given being one to sue within the specified time, and not otherwise; or is the same an ordinary statute of limitation? The other is, Do the facts as pleaded in the petition show a fraudulent concealment of the defendants and the facts constituting plaintiff's cause of action? The decisions of the several courts of last resort in the several states of the Union are not in harmony in their construction of similar statutes in existence in most, if not all, other states. Some of the statutes provide that the action must be brought within a fixed time after the wrongful death; others provide that the action must be brought within a fixed time after the wrongful death, without stating whether the same was to be within a fixed time after the death or accrual of the action; and still others have the limitation in the nature of a proviso. We are of the opinion that the principal confusion has arisen from the construction placed upon the phraseology of these several acts by the courts of last resort.

This question is very ably discussed and analyzed by the New York Court of Appeals, in the case of Frank Sharrow, Adm'r, etc., of James Farrell, Deceased, Appt., v. Inland Lines, Limited, et al., Respts., 214 N. Y. 101, 108 N. E. 217, wherein that court, in an opinion delivered by Mr. Chief Justice Willard Bartlett, said:

"This is an action to recover damages for negligently causing the death of the plaintiff's intestate. The complaint does not show that the action was commenced within two years after the death of the decedent. The courts below have held that it is essential to the maintenance of such an action as this that it must appear upon the face of the complaint that it was commenced within two years after the decedent's death, and that the omission of an allegation to that effect is fatal on demurrer. The only question presented by the appeal is whether this ruling is correct.

"The present Constitution of the state of New York, adopted in 1894, contains the following provision: 'The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation.' Const., art. 1, par. 18.

"The action, thus preserved by the fundamental law, is provided for in paragraph 1902 of the Code of Civil Procedure. The portion material to be considered reads as follows: 'The executor or administrator of

a decedent, who has left, him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued. Such an action must be commenced within two years after the decedent's death.'

"As is well known, this legislation had its origin in the English statute known as Lord Campbell's Act, enacted by Parliament in 1846; and, as has repeatedly been pointed out, it gave rise to an entirely new cause of action unknown to the common law. Similar statutes now exist in most, if not all, the states of the Union. The original New York statute was passed on the 13th of December, 1847. Laws 1847, chap. 450. The first section provided that whenever the death of a person should be caused by wrongful act, neglect, or default, which would have entitled the party injured (if death had not ensued) to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, should be liable to an action for damages notwithstanding the death of the person injured, and although the death should have been caused under such circumstances as amount in law to a felony.

"The second section read as follows: 'Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property, left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person; provided, that every such action shall be commenced within two years after the death of such deceased person.'

"It will be observed that the limitation of time in the act of 1847 was put in the form of a proviso.

"The law continued substantially as thus enacted until 1880, when the statutory provisions relating to actions for wrongfully or negligently causing death were transferred into the Code of Civil Procedure, where they now appear as paragraphs 1901-1905, inclusive. This transfer, however, was accompanied by a change of phraseology, so far as the limitation of time is concerned,

which I deem of controlling importance in the question under consideration upon this appeal. The time limitation no longer appeared as a proviso, the words 'provided that' were omitted, and the clause was made to read merely, 'Such action must be commenced within two years after the decedent's death.'

"I cannot agree that this constitutes a mere change of language without any change in meaning or effect. The nature of a proviso has long been well understood by legislators as well as lawyers, and I think we should not be justified in holding that the omission of the words 'provided that,' which were contained in the Act of 1847, was unintentional or ineffectual. Assuming, as I do, that so long as the time limitation remained a proviso it related to the right rather than the remedy, I think there were reasons which might well have influenced the Legislature to make a change in the law in this respect. The right of action to recover damages for wrongfully causing death, which has since been made a constitutional right by the action of the people, was thereafter to be provided for and regulated, not in a separate statute, but in a general statute designed to be a permanent part of our system of jurisprudence. Suits to enforce it had ceased to be special and peculiar. They had become a familiar feature in the business of our courts. No good reason existed why the benefit of the general exceptions given by law to the parties against whom the bar of the statute of limitations is invoked should not be given to plaintiffs in this class of cases; and it seems to me that it is not going too far to suppose that this consideration may have led to the alteration in the language of the statute. At all events, the time limitation as to actions of this sort ceased to be a proviso, and has become a simple requirement that suit shall be begun within two years. Although its form is in no wise different from that of an ordinary statute of limitations, we are asked to hold that the provision is so indissolubly bound up with the right as to oblige the plaintiff to plead compliance therewith in order to state a good cause of action.

"I cannot think that this is necessary, in view of the form which the statute assumed upon its incorporation into the Code. It must be conceded that our courts of intermediate appeal have held that the time prescribed by the statute within which the action must be commenced is of the essence of the right to maintain the suit, and not a mere statute of limitations (Colell v. Delaware, L. & W. R. Co., 80 App. Div. 342, 80 N. Y. Supp. 675; Pernisi v. John Schmalz's Sons, 142 App. Div. 53, 126 N. Y. Supp. 880), and that decisions to the same effect in regard to like statutes have been made in the federal courts (The Harrisburg, 119 U. S. 199, 30 L. Ed. 358, 7 Sup. Ct. Rep. 140), and

in the courts of other states (Benjamin v. Eldridge, 50 Cal. 612; Lapsley v. Public Service Corp., 75 N. J. L. 266, 68 Atl. 1113; Hill v. New Haven, 37 Vt. 501, 88 Am. Dec. 613; Rodman v. Missouri P. R. Co., 65 Kan. 645, 59 L. R. A. 704, 70 Pac. 642; Poff v. New England Teleph. & Teleg. Co., 71 N. H. 164, 55 Atl. 891). On the other hand, many of the cases in other jurisdictions which are cited in support of the proposition do not appear to sustain it when subjected to careful examination. Thus, I cannot find that Murphy v. Chicago, M. & St. P. R. Co., 80 Iowa 26, 45 N. W. 392, has any application to the point under consideration. In George v. Chicago, M. & St. P. R. Co., 51 Wis. 603, 8 N. W. 374, it was held that a demurrer would lie to a complaint which showed that the limitation of the statute had run against the cause of action before the suit was commenced. The case, however, throws no light on the question whether the complaint would be bad if it failed to show that the time within which suit must be brought had not expired. In Hanna v. Jeffersonville R. Co., 32 Ind. 113, it was merely held that, inasmuch as the complaint showed on its face that the action was not brought in time, the objection could be raised by demurrer without requiring the defendant to plead that the statutory period already had elapsed, as such a plea would constitute only a repetition of facts which already appeared on the record. In Radezky v. Sargent & Co., 77 Conn. 110, 58 Atl. 709, as I read it, the restriction as to time was treated as a limitation upon the remedy rather than upon the right. There it appeared that the statute provided that no action should be brought upon it but within one year after the neglect complained of. The complaint, read in connection with the writ, showed that the suit was not brought within the prescribed period. It was claimed that the common-law rule to the effect that the statute of limitations must be pleaded remained in force under the Connecticut Practice Act, and was therefore available to the plaintiff. The court held, however, that it was permissible in framing the complaint in an action against which the statute of limitations had apparently run for the plaintiff to state his whole case and allege the facts deemed legally sufficient to enable him to maintain his action, notwithstanding that the time limit for its commencement had expired; and when this was done, it permitted the defendant to raise the question of law by demurrer to the complaint. The decision thus simply sanctioned a familiar practice, and, so far as it intimates anything as to the character of the limitation, suggests that it operates upon the remedy."

"But whatever may be the view which has found acceptance in other jurisdictions, the question presented by this appeal is an open one in this court, unless we are foreclosed by what was decided in the two cases

which afford the strongest support for the position of the respondent, namely, Hill v. Rensselaer County, 119 N. Y. 344, 23 N. E. 921, and Johnson v. Phoenix Bridge Co., 197 N. Y. 316, 90 N. E. 953. The first of these was a statutory action to recover compensation for property destroyed in consequence of a mob or riot. The special law which authorized the maintenance of such a suit provided that 'no action shall be maintained under the provisions of this act unless the same shall be brought within three months after the loss or injury,' and the court held, in an opinion by Gray, J., that, as the action was brought under a special law and was maintainable solely by its authority, the limitation of time was so incorporated with the remedy given as to make it a condition precedent to the maintenance of the action at all. In other words, the civil remedy given by the special law was deemed to be independent of the Code remedies, and hence was excepted from the operation of the chapter on limitations contained in the Code of Civ. Proc. para. 414. In the Phoenix Bridge Case, the right to maintain the action was dependent upon the existence in Lower Canada of a statute similar to ours, permitting the recovery of damages for wrongfully causing death; and the Canadian statute, the operation of which was invoked, provided for a right of action in behalf of the relatives of the decedent, 'but only within a year after his death, to recover from the person who committed the offense, or quasi offense, or his representatives, all damages occasioned by such death.' The use of the positive and exclusive phrase, 'but only within a year after his death,' in the enactment in question, warranted the statement in the opinion that the cause of action under the Canadian statute was made dependent upon the suit being commenced within a year after the decedent's death, and that the commencement, as therein provided, was a condition precedent to its successful maintenance. The language of paragraph 1902 of the Code is so different as, in my opinion, to justify a different view of it.

"It is to be noted that the trend of our adjudications has long been in the direction of broadening the scope and operation of the general rules regulating limitations which are embodied in the Code of Civil Procedure. In Conolly v. Hyams, 176 N. Y. 403, page 407, 68 N. E. 662, the court was called upon to consider the effect of a provision in the mechanics' lien acts that a lien should not continue for a longer period than one year after the notice of the lien had been filed, unless within that time an action was commenced to foreclose the lien, and notice of the pendency thereof filed with the county clerk. It was contended that the plaintiff's cause of action, which would otherwise have been lost by reason of the operation of this provision, was saved by paragraph 405 of the Code of Civil Procedure, which provides that, if an action be commenced within the time limited therefor, and be terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff may commence a new action for the same cause after the expiration of the time so limited and within one year after such reversal or determination. If that section applied, it was conceded that the action was brought in time; but it was insisted, on the other hand, that the case was governed exclusively by the provisions of the mechanics' lien law. The court held against the latter contention and in favor of the application of the beneficial provisions of paragraph 405 of the Code, and in so doing, said, in an opinion written by Judge Cullen: 'The tendency of the latest decisions of this court has been to extend to all claims the benefit of the exception given by the Code of Civil Procedure to the bar of the statute of limitation, except where there is an express statute or contract to the contrary.'

"In illustration of this tendency he cited Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; Titus v. Poole, 145 N. Y. 414, 40 N. E. 228; and Hamilton v. Royal Ins. Co., 156 N. Y. 327, 42 L. R. A. 485, 50 N. E. 863. The case of McKnight v. New York, 186 N. Y. 35, 78 N. E. 576, involved a consideration of the provision in chapter 572 of the Laws of 1886 that no action for negligence may be maintained against a municipality having 50,000 inhabitants or over, 'unless the same shall have been commenced within one year after the cause of action shall have accrued.' The action was brought in behalf of an infant to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the city, but it was not commenced within one year after the cause of action accrued. The appellant contended, and the court held, that this requirement was not operative against the plaintiff during his infancy, by reason of the exception in favor of infants contained in paragraph 396 of the Code of Civil Procedure. The effect of the one-year limitation prescribed by the act of 1886 was deemed to be to amend the Code of Civil Procedure by reducing the period of limitation in actions for personal injuries due to negligence from three years to one year, where the defendant was a municipality with a population of 50,000 persons. 'In this change,' said the court, 'we can find no evidence of a legislative intent to deprive an injured infant in such cases of the benefit of the general exception contained in paragraph 396, which prevents the statute of limitations from running against a claimant, while the disability of infancy exists.' p. 38.

"It seems to me that similar considera-

tions to those which influenced the action of the court in the two cases last cited, in addition to the argument based upon the change from the original form to a proviso, should lead us to take a similar view of the clause presented for consideration upon this appeal, and that we should hold that it is a limitation upon the remedy, and not upon the right. To affirm the judgment under review would be to require that, in every suit brought to recover damages for negligently or wrongfully causing death, the complaint must allege that the action had been brought within two years after the decedent's death. It would plainly be impossible to comply with this requirement unless the summons was served before the complaint was prepared; as otherwise it would be impossible to allege truthfully in the complaint that the action had been commenced. This difficulty was pointed out by Mr. Justice Thomas in Pernisi v. John Schmalz's Sons, 142 App. Div. 53, 126 N. Y. Supp. 880. While, of course, it is not conclusive as to the construction which ought to be given to the statute, it may properly be considered if we assume that a choice is open as between the two views contended for upon this appeal."

Section 7, of art. 23, of our Constitution provides that:

"The right of action to recover damages for injuries resulting in death shall never be abrogated and the amount recoverable shall not be subject to any statutory limitation."

This language is almost identical with that used by the framers of the Constitution of New York, so, in construing the Statutes of Oklahoma, and the action thus preserved by the fundamental law of our state, we feel great weight should be given the decision of the New York Court of Appeals.

The Supreme Court of North Carolina, in the case of Meekins v. Norfolk & S. R. Co., 42 S. E. 333, says:

"Even if Code, paragraph 1498, prescribing a year from the death as the time within which action may be brought for death by wrongful act or negligence, is not strictly a statute of limitation, such an action is within section 166, providing if any action be commenced within the time prescribed therefor and the plaintiff be nonsuited, he may commence a new action within one year after such nonsuit."

In Trull v. Seaboard Air Line Ry. Co., 151 N. C. 545, 66 S. E. 586, the Supreme Court of North Carolina holds that:

"Revisal 1908, paragraph 59, requires an action for death by wrongful act to be brought within one year after such death. Held, that the time so specified was a condition affecting the cause of action, and not a limitation, so that, where an action had been instituted within a year after decedent's death, the requirement was complied with, and the action was subject to section 370, declaring that if an action shall be commenced within the time prescribed therefor and plaintiff is nonsuited he may commence a new trial within a year after such nonsuit."

We call attention to these cases from North Carolina for the reason that they are among the cases which hold that an action for death by wrongful act must be brought within one year after such death, and that the time so specified is a condition affecting the cause of action and not a limitation, and still hold that if the action be commenced within the year and the plaintiff is nonsuited, he may commence a new action within a year after such nonsuit. So it will be seen that even in some of those states where it is held the time specified was a condition affecting the cause of action, and not a limitation, still they apply a statute of limitation which is similar to ours, section 190, C. O. S. 1921:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

So, in Meisse v. McCoy, 17 Ohio St. 225, it was held that a section of the Code giving the right to commence a new action within one year after the failure of the plaintiff, otherwise than upon the merits, in an action duly commenced, notwithstanding the time limited for the action should have expired, applied to the plaintiff's case, which was in fact an action for wrongful death under a statute which prescribed a special limitation period.

The Supreme Court of Oklahoma, in the case of Rock Island Coal Mining Co. v. Allen, 106 Okla. 188, 233 Pac. 1060, held that sections 190 and 824, C. O. S. 1921, being in the same chapter of the Code of Civil Procedure, and both sections being created by the same Legislature at the same time, are in pari materia, and the limitation provided for in the former is applicable to actions provided for in the latter. Also, an action for wrongful death brought within two years from the date of death, and disposed of otherwise than upon the merits after the expiration of two years and another action commenced within one year from the failure of the first action, is within the application of section 190, C. O. S. 1921, and the court has jurisdiction to hear the cause of action.

This holding is in harmony with the views expressed by the New York Court of Appeals, in Frank Sharrow, Administrator, v. Inland Lines, Ltd., supra, holding that the clause in section 824, C. O. S. 1921, "that the action must be commenced within two years," is a statute of limitation, and not in the form of a proviso imposed upon the exercise of the right of action granted.

However, in the case of Kerley v. Hoehman, 74 Okla. 299, 183 Pac. 980, this court, in an opinion by Commissioner Edwards, held that the clause in section 5281, Revised Laws of 1910, being the same as section 824, C. O. S. 1921, that the action must be commenced within two years, is a proviso or condition imposed upon the exercise of the right of action granted, and not a statute of limitation, which is contrary to the holding in the New York case of Sharrow, Adm'r, v. Inland Lines, Ltd., supra, and also contrary to the holding of this court in the case of Rock Island Coal Mining Co. v. Allen, supra, and we are of the opinion that Kerley v. Hoehman et al., in so far as the same conflicts with the views herein expressed, should be, and the same is hereby, expressly overruled.

This brings us to the consideration of the other branch of the question. Does the petition allege facts sufficient to show a fraudulent concealment of the parties and facts constituting the cause of action?

The Supreme Court of the United States in the case of Henry M. Bates v. Sarah H. Preble, 38 L. Ed. 106, says:

"On the other hand, if the fraud itself be secret in its nature, and such that its existence cannot be readily ascertained, or if there be fiduciary relations between the parties, there need be no evidence of a fraudulent concealment other than that implied from the transaction itself. This is illustrated by the case of First Mass. Turnp. Corp. v. Field, 3 Mass. 201, 3 Am. Dec. 124, in which the defendants, having contracted with the plaintiffs to make for them a turnpike road upon a firm foundation, with suitable materials, etc., made a road upon a bad foundation, using unsuitable materials and unfaithfully executed the work, and fraudulently and deceitfully concealed the foundation and materials by covering the same with earth, and smoothing the surface so that it appeared to the plaintiffs that the contract had been faithfully executed. It was held that the contract was of such a nature as to admit of a fraudulent and deceitful execution, and that the fraud was in fact concealed from knowledge of the plaintiffs. So, in Manufacturers National Bank v. Perry, 144 Mass. 313, a bank overpaid to the clerk of the defendant the sum of $200 on a cheque drawn by the defendant. Defendant, being notified by the clerk of the mistake, instructed him not to return the money, and to deny to the bank that he had been overpaid, which he did. It was held that his approval and adoption of the lie told by the clerk to the bank teller were active steps taken by him to prevent the bank from discovering the fact that he had received the money, and constituted a fraudulent concealment of the plaintiff's cause of action."

In the case of Le Roy Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 Pac. 174, this court held that:

"Fraudulent concealment constitutes an implied exception to the statute of limitation, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud."

We are of the opinion that the allegations of the petition are sufficient to show fraudulent concealment of the wrongful death of Nettie Cole Brookshire.

Having arrived at the conclusion that the clause in section 824, supra, providing that the action must be commenced within two years, is a statute of limitation, and that sections 186, 190, and 824, being in the same chapter of Code of Civil Procedure and being created by the same Legislature, at the same time, are in pari materia, and the limitation in the former is applicable to the action provided for in the latter, and that the same is a statute of limitation.

We therefore, hold that the trial court erred in sustaining the demurrers in this cause, in so far as the same relates to the cause of action by Roy Brookshire, and therefore the judgment of the trial court is reversed as to Roy Brookshire, and said cause remanded to the district court of Osage county, as to him, with direction to overrule the demurrers, and to take such other and further action as is consistent with this opinion. Affirmed as to John Brookshire.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, HEFNER, and RILEY, JJ., concur. ANDREWS, J., concurs in that part of opinion holding the clause in section 824, that "the action must be commenced within two years," is a statute of limitations, and dissents from the portion relating to fraudulent concealment under allegations of petition. CULLISON, J., absent.

Note.—See under (1) 21 R. C. L. p. 506; 4 R. C. L. Supp. p. 1418; 5 R. C. L. Supp. p. 1162; 6 R. C. L. Supp. p. 1271; 7 R. C. L.

Supp. p. 713. (4) anno. 25 L. R. A. 566; 17 R. C. L. p. 688. See "Death," 17 C. J. § 82, p. 1234, n. 64, 65. "Limitations of Actions." 37 C. J. § 351, p. 972, n. 6; §766, p. 1242, n. 26. "Statutes," 36 Cyc. p. 1151, n. 47.