RUPERTO GONZÁLEZ, Plaintiff and Appellant, v. ELÍAS PÉREZ, Defendant and Appellee.

No. 8279. Argued December 16, 1940.—Decided January 16, 1941.

*J. E. Soltero* for appellant.   *Ildefonso Freyre* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The dismissal of this appeal is sought on the grounds that the order appealed from is not appealable and that, even if it were, the appeal is frivolous.

The original complaint is dated January 18, 1940. After the defendant was summoned, he set up by way of demurrer:

"That the action for damages attempted to be alleged in the complaint is barred under section 1868 of the Civil Code, 1930 edition, which provides that actions for damages prescribe in one year from the occurrence of the accident or from the time the aggrieved person had knowledge thereof.

"As may be seen from the complaint, it is alleged that the facts. occurred on July 17, 1938, and the complaint was filed in January 1940."

The court by a reasoned decision of May 9, 1940, held:

". . . . The demurrer on the ground of the prescription of the action set up in the complaint is sustained and, as the same is not amendable, said complaint is dismissed in all its parts, and the plaintiff is adjudged to pay the costs, without including attorney's fees."

Four days afterwards the plaintiff moved the court "that in the furtherance of justice it sustain this motion and modify its decision of May 9, 1940, by giving the plaintiff an opportunity to amend the complaint." An amended complaint was attached to the motion. The defendant objected to the reconsideration sought and the court, on the 10th of the following September, denied the same by means of another order.

On October 9, 1940, the plaintiff filed the following notice of appeal:

"The plaintiff, feeling aggrieved by the order and judgment rendered by this court in this case on September 10, 1940, ratifying the order and judgment of May 9, 1940, does hereby serve notice upon you that he appeals therefrom to the Supreme Court of Puerto Rico on the ground that by virtue of said order the claim for damages set up by the plaintiff is dismissed on the basis that the plaintiff failed to bring the action within the year or limitation period.—Mayagüez, Puerto Rico, October 9, 1940."

As the motion for reconsideration was filed within the period of fifteen days fixed by section 292 of the Code of Civil Procedure, as amended by Act No. 67 of 1937 (Session Laws, p. 190), and as the court heard the parties on the motion, the notice of appeal, in the form drawn, brings up the entire case for consideration by this court in accordance with the concluding provisions of said amended section.

The case of *Talavera* v. *City Delivery Express Co.*, 57 P.R.R. 453, which is cited by the appellee to support the first ground of his motion, is inapplicable, because, although it involved a denial of leave to file an amended complaint, such

denial was ordered under circumstances which were different from those present in the instant case.

In the *Talavera* case, judgment was rendered, and after such rendition, that is, when the judgment was already final *(firme)*, the losing party asked leave of court to file an amended complaint. Here the motion for reconsideration was filed within the period of fifteen days prescribed by section 292 of the Code of Civil Procedure, and the time to appeal from the judgment continued to be available after the court heard the parties on the motion, and the decision thereon must be regarded as the final decision rendered in the case.

Therefore, a dismissal on the first ground does not lie. Let us examine the second ground.

There is no controversy as to the nature of the action brought. There is involved an injury suffered by a person, the plaintiff, in consequence of the negligence of another, the defendant, which consisted in the failure of the latter to erect scaffolds or protecting apparatus on a certain construction work, which was being done in a place adjoining that in which the plaintiff worked.

Nor is there any controversy as to the applicable statute of limitations. The latter is section 1868 of the Civil Code, 1930 ed., which provides:

"Section 1868.—The following prescribe in one year:

"1. Action to recover or retain possession.

"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1802, from the time the aggrieved person had knowledge thereof."

The plaintiff-appellant admits that from the date on which the accident giving rise to the claim occurred to that on which the complaint was filed more than a year has elapsed; but he maintains that one year has not elapsed from the day on which he had "effective and certain knowledge of his cause of action" to that on which he exercised the same, and

hence his right of action is still in force in accordance with the very terms of the statute. He relies on the following allegations set out in his amended complaint:

"2. That on July 17, 1938, he was engaged, as was his custom, in taking out bananas from a storage place owned by Juan Pellicer, for whom he worked, in order to sell them, said storage place being located in Libertad Street, on the ground floor of a house belonging to the widow of Ramírez, opposite the market place.

"3. That on the second story of a house which adjoins said storage place some concrete construction work was being done and on one of the occasions when the plaintiff entered the banana storage place, five concrete balusters fell upon him . . . and he received painful blows especially on his right leg, fracturing a bone....

"     *     *     *     *     *     *     *

"5. That after the accident occurred the plaintiff was taken to the Municipal Hospital. . . .

"6. That . . . he was afterwards taken to his house in a serious condition.

"7. That on the following day two brothers of the defendant took the plaintiff again to the Municipal Hospital where he was confined for eighteen days and his right leg placed in a plaster cast.

"8. That thirty-two days after his leg was placed in a plaster cast he again returned to the Municipal Hospital where the plaster cast was removed, and his leg had become useless.

"     *     *     *     *     *     *     *

"13. That although the accident occurred on July 17th, 1938, this action could not be brought immediately by the plaintiff, not only because of the days during which he was unable to do anything by reason of the medical treatment and the plaster dressing and his insolvency, but also because of the irregularities which occurred in the Municipal Hospital in connection with his case, where the hospital official records had been destroyed or not duly kept thus preventing the investigation of the case by the attorney for the plaintiff, all these difficulties being created in part by the scheming of the defendant with the deliberate purpose to hamper the action of the plaintiff, and in addition because of the reports from the physicians of the Municipal Hospital to the effect that the incapacity of the leg had been caused by contagious diseases foreign to the accident, which precluded the plaintiff from having full knowledge of his cause of action until he could eliminate those possibilities.

"14. That in order to eliminate the possibility of other causes than the accident respecting said incapacity, the plaintiff by reason of his financial situation, a precarious one, found it impossible to obtain sooner examinations of a scientific character, which examinations including blood tests, general examinations, X-ray photographys and studies of the same, were obtained through the efforts made by the attorney for the plaintiff near his friends, and by the officers of the Federal institutions, in order to dispel or confirm the doubts as to the causes of said incapacity.

"15. That the doubts as to the incapacity of his leg were not dispelled in the mind of the plaintiff until the end of July, 1939, and that it was then that the plaintiff and his attorney had effective and certain knowledge of his cause of action, and that the complaint in this case having been filed on January 9, 1940, the limitation period of one year from the time the plaintiff had knowledge of his cause of action had not yet elapsed."

A mere reading of the foregoing allegations renders evident the extraordinary effort made by the plaintiff to avoid the effect of prescription.

The law, however, is definite. It says that an action derived from fault or negligence prescribes in one year computed "from the time the aggrieved person had knowledge thereof."

Here the aggrieved person alleges that on July 17, 1938, five balusters from the construction work of the defendant fell upon him and caused the fracture of his leg. It is from the fact of that injury that the action to recover compensation for the damages sustained by the plaintiff is derived, and the injured person must have had knowledge of that fact from the very moment of the occurrence or from the time when he regained consciousness if his mind was so affected that he was unable to be conscious of the occurrence sooner, a possibility as to which nothing is specifically alleged in the complaint.

The trial court, in fixing the scope of the above-noted allegations, did more than what it should or could do in accordance with the law, and even so it felt bound to hold that the action was barred. It said:

"If the plaintiff suffered a personal accident of which he had knowledge immediately on July 17, 1938, what period did he have available to recover damages therefor? The answer is a categorical one: up to July 17, 1939, that is, within the one-year period provided by section 1868.

"If on July 17, 1938, the plaintiff had no knowledge of the injury sustained by him in the accident of the balusters which fell upon him, and he had to be confined in the Municipal Hospital for a period of thirty-four days, at the end of which he *learned* that his right leg had become useless and that he had a cause of action to claim compensation for the injury suffered, when did the term he had to make such claim expire? Undoubtedly, he only had from the date on which he had knowledge of the incapacity of his leg, and the one-year limitation period would then expired on August 19, 1939, and as he brought his action of January 19, 1940, it is clear that the action brought is barred, it having been instituted five months after the expiration of the statutory period for bringing said action against the defendant."

The citation from Manresa which the appellant makes —12 Manresa, *Comentarios al Código Civil*, p. 786—does not favor him. The fact that the Supreme Court of Spain in a judgment of October 9, 1906, held that the determination of the dates is within the province of the trial court, does not mean that said court can fix them arbitrarily. In doing so it must follow the reasonable rules established by the precedents and the jurisprudence. Manresa himself, in referring to said judgment, says:

". . . In it . . . it is decided that for this purpose (determination of the dates) an application for leave to litigate *in forma pauperis*, where its object is known, interrupts the prescription if the same is filed before the *expiration* of the period provided by law therefor; but the mere application for the appointment of an attorney and solicitor *ex officio* does not really have the character of a judicial or extrajudicial claim."

And then, commenting on the next section of the Civil Code, section 1969, identical with section 1869 of our own code, which the plaintiff-appellant invokes as supplementary to the preceding section, he says:

"Notwithstanding the clearness of said provision, the Supreme Court has found it necessary in several cases to fix its correct and precise construction, dispelling the doubts to which personal interest, rather than any legal reason, might have given rise on various occasions. Accordingly, in a judgment of May 8, 1903, it held that 'the phrase used by the lawmaker in said section 1969, that the time for the prescription shall be computed from the day on which the actions could have been instituted, makes notable reference to a legal possibility, for which reason there can only be taken into consideration the situation of the person or other circumstances when the law so provides and foresees as an exception, which is in agreement with the scope and purpose of prescription.' In virtue thereof, in accordance with the doctrine laid down by the terms of said judgment, for determination of the time from which the limitation period must be computed there should not be taken into account any reason or circumstance not affecting the *legal possibilities* of the bringing of the action subject to prescription.

"In accordance with that doctrine, it was established in said judgment as a legal rule that 'from the moment any act is performed or any contract is made that injures the rights of anyone which may be immediately enforcible, the corresponding cause of action therefor accrues, and that from that moment the applicable limitation period must begin to run, where the law does not specifically provide otherwise': a rule which although established in connection with the action for rescission, is applicable to the other cases which may arise.

"*       *       *       *       *       *       *

"We could cite other judgments; but in all of them the view upheld has been the same, always inspired in the above-mentioned doctrine in order to avoid delays, suspensions, or deferments, in the computation of the periods of limitation. And the legal reason for that viewpoint is found in the judgment of May 8, 1903, above cited, where it is said, in justification thereof, that 'in view of the concept and basis of prescription which is principally directed towards giving firmness and certainty to property and to all kinds of rights derived from social relations and the conditions in which life develops, and even though the latter are not in accord with principles of strict justice which must be subordinated, as a lesser evil, to the one resulting from an indefinite instability, it is evident that by the lapse of a certain time defects existing in the corresponding titles are regarded as cured, and that accordingly it is necessary to prescribe generally a fixed and clear time from which said period must be computed, which is the one set forth in section 1969 of the Code.'

"In other words, that restriction which the adjudicated cases apply in the construction of rules for the computation of the periods of prescription is fully in accord with the purposes of the latter and with the principles on which it is based and which serve to justify it."

The American decisions which the appellant extensively cites in his brief, filed subsequently to the presentation of the motion to dismiss, and which we have examined jointly with the motion, do not favor him either. It is noted, indeed, that he took them into account when drawing his complaint and that he tried to conform the latter to them; but even so it must be concluded that from the facts as alleged no cause of action arises.

He lays emphasis on the exception of fraud, cited in the case of *Brookshire* v. *Burkhart,* decided by the Supreme Court of Oklahoma, 283 Pac. 571, annotated in 67 A.L.R., pp. 1059–1075, and specially the following excerpt:

"Fraudulent concealment constitutes an implied exception to the Statute of Limitation, and a party who wrongfully conceals material facts and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud."

"If the fraud itself be secret in its nature, and such that its existence cannot be readily ascertained, or if there be fiduciary relations between the parties, there need be no evidence of a fraudulent concealment, other than that implied from the transaction itself."

He also cites extensively from the text of Ruling Case Law on the subject, 17 R. C. L., pp. 861–865.

After an examination of the allegations of the complaint in the light of the very decisions cited, the exception does not appear therefrom. What is said regarding the destruction of the records of the municipal hospital is not sufficient. Similarly as to the precarious financial situation of the plaintiff.

The conclusion we have thus reached is confirmed by an examination of the American decisions as a whole which substantially agree with those of the Supreme Court of Spain.

We will cite some of them, taking the excerpts from the same work, Ruling Case Law, which the appellant invokes, thus:

"As a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences. The statute then begins to run, and not from the time of the damage or discovery of the injury." 17 R.C.L. 764.

"As a general rule the courts are without power to read into these statutes exceptions which have not been embodied therein, however reasonable they may seem. It is not for judicial tribunals to extend the law to all cases coming within the reason of it, so long as they are not within the letter. Considerations of apparent inconvenience or hardship will not be allowed to control. The enactment of the lawmaking power within its legitimate field must not be obstructed by the judicial administration. Such power is ample, if it sees fit, to extinguish any right enforceable by an action, if judicial remedies for such enforcement are not invoked within such reasonable time as it sees fit to name. The possessor of the right may be under disability personally to enforce the same within the prescribed period by reason of infancy, insanity, imprisonment or other cause, and yet the statute in general terms, not containing any exception to save the right, will extinguish it. The legislature is the judge, and the sole judge in such matters, subject to no judicial review whatever, so long as it acts within the boundaries of reason. It is far better that occasionally one should suffer severely from the enforcement of the law, as the court finds it, than that they should endeavor to bend the law out of its manifest scope to avoid that result. So courts in construing a special statute of limitation will not read another statute into it and thus incorporate exceptions not contained therein, or give it any new or unusual interpretation, but they are to give effect to the object of the law creating the exception which is to prevent the statute from running during the time the claimant is prevented without fault on his part from suing, so that he can have the full benefit of the time allowed him in which to bring his action. In applying the rule it has been held that in the absence of a statute making concealment an exception to the statute of limitations, the

courts cannot create one, however harsh and inequitable the enforcement of the statute may be. And the courts cannot create an exception where an action was not commenced within the period because of the act of a person in designedly eluding service of process." 17 R.C.L. 828, 829.

"The fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not, as a general rule, prevent the running of the statute, or postpone the commencement of the period of limitation, until he discovers the facts or learns of his rights thereunder. Nor does the mere silence of the person liable to the action prevent the running of the statute. To have such effect, there must be something done to prevent discovery—something which can be said to amount to concealment. Though a person may not discover his injury until too late to take advantage of the appropriate remedy yet this is said to be one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time. Thus, although the entire damage resulting from the negligence of another may not have been known until the right to a recovery is barred, yet the time which an action may be brought is not thereby prolonged." 17 R.C.L. 831.

As we have reached the above conclusions, the dismissal of the appeal on the second of the grounds set up in the motion of the defendant, that is, on the ground that it is frivolous, lies, and it must be so ordered.